RICHARDSON & COMPANY *vs.* SUBERS.

82   427
114   603

1. A married woman may make contracts with other persons as if she were single. Whenever a transaction is between husband and wife, and creditors of the husband attack it for fraud, if the wife claim the property purchased or received from her husband, the *onus* is on her to make a fair showing about the whole transaction; but where she has a separate estate, and purchased from others than her husband, and the property is levied on as the property of the husband, the *onus* is upon the creditor to show

fraud or collusion, or that the wife did not have any separate estate or means wherewith to purchase the property.

2. The entry of the sheriff on the *fi. fa.*, showing that the husband was, at the time of the levy, in possession of the personalty levied on, the *onus* of explaining the husband's possession was upon the claimant, though her husband may have been simply her agent. If the levy were upon realty, the title to which is passed by writing, the exhibition of the deed would be sufficient.

March 18, 1889.

Husband and wife. Married women. Debtor and creditor. Burden of proof. Fraud. *Bona fides.* Evidence. Presumptions. Before Judge ADAMS. Decatur superior court. November adjourned term, 1887.

Reported in the decision.

O. G. GURLEY and R. HOBBS, for plaintiffs in error.

D. A. RUSSELL and DONALSON & HAWES, *contra.*

SIMMONS, Justice.

It appears from the record in this case that W. C. Subers and K. Donalson were partners in business in the city of Bainbridge, under the firm name and style of W. C. Subers & Company. Subers became indebted to Donalson, and on the 23d of July, 1880, the firm was dissolved. Subers turned over the entire stock of goods to Donalson in payment of his indebtedness. On August 1st, 1880, Donalson sold the same stock of goods to Mrs. W. M. Subers, the wife of W. C. Subers. Mrs. Subers gave her three promissory notes to Donalson for $500 each, payable at different times, in payment for said stock of goods, and assumed the outstanding indebtedness of W. C. Subers & Co., to the amount of $1,500. In order to secure the purchase money of the stock of goods, she gave a mortgage thereon to Donalson, and in order to secure the indebtedness of

the late firm, which she had assumed, she gave a mortgage to Donalson on certain real estate which belonged to her, situate, in the city of Bainbridge. Richardson & Co. obtained a judgment against W. C. Subers January 21st, 1884, and had execution issued thereon, which was levied by the sheriff upon a portion of the goods purchased by Mrs. Subers from Donalson. The sheriff's entry stated that W. C. Subers, the defendant in execution, was in possession of the goods at the time of the levy. Mrs. Subers filed a claim to the goods. On the trial of the claim case, the foregoing facts, and others which it is not now necessary to mention, were put in evidence before the jury. The jury, under the charge of the court, found the property not subject. The plaintiffs in *fi. fa.* moved for a new trial, which was denied by the court, and they excepted. The grounds of the motion for a new trial are, in substance, that the evidence did not identify the goods levied on as a part of the goods purchased by Mrs. Subers; that the evidence failed to show that Mrs. Subers had any separate estate with which to buy property, and in the absence of such evidence, the presumption was that the husband purchased the property, or it was purchased with his money; and that the court charged the jury that it was not necessary for Mrs. Subers to show the source from which she derived the money or the means employed, if any were employed, in the purchase of the property; and that the verdict was contrary to the evidence.

1. One of the main grounds relied on by counsel for the plaintiffs in error before us was, that the court charged that it was not necessary for Mrs. Subers to show in what manner she obtained the money to purchase these goods; counsel contending that she being a married woman, it was incumbent upon her to show that the money which was paid Donalson for the prop-

erty was her own money, and not her husband's. Under the facts of this case, we think the court was right in charging as he did upon this subject, and refusing to charge the request of the plaintiff in execution. While it is true that Mrs. Subers is a married woman, still the law allows her to make contracts with other parties just the same as if she were single. The evidence shows that she had a separate estate. She made this contract in her own name with Donalson, and gave him her notes and a mortgage to secure the purchase money of the goods. So far as the record discloses, the husband had nothing to do with the contract. Donalson traded with her, and relied upon her and the security which she gave for payment, and not upon her husband. We therefore do not think that it was incumbent upon her, under this state of facts, to prove how she got the money to pay for the goods, any more than it would have been incumbent upon any other person under like circumstances. The rule contended for by counsel for the plaintiffs in error would have been correct if this had been the husband's property which the husband had sold or given to the wife, and a creditor had attacked the transaction for fraud. Whenever the transaction is between husband and wife and creditors attack it, then the law throws the *onus* on the wife, when she claims the property purchased or received from her husband, to make a fair showing about the whole transaction. When the wife has a separate estate and purchases from other parties than her husband, and this property is levied on as the property of the husband, then we think that the *onus* is upon the creditor to show fraud or collusion, or that the wife did not have any separate estate or any means wherewith to purchase the property.

2. The entry made by the sheriff on the *fi. fa.* shows

that the husband was in possession of these goods at the time of the levy. The record fails to disclose any explanation by the claimant or by her husband of this possession. Under our code, §3739, this entry of the sheriff placed the *onus* of explaining the possession of the husband upon the claimant in this case. She failed to explain it. The property levied on being personal property, and the title thereto passing by delivery, it might have been her husband's at the time of the levy, so far as this record discloses. It is true we might infer that her husband was simply her agent, but we think that in cases like this, where the property levied on is in possession of the husband, it being personal property, if the wife claims it, she ought to show by what right it was in possession of the husband. Of course if it was realty, the title to which is passed by writing, the exhibition of the deed would be sufficient. We think the better practice, where personalty is involved and the husband is in possession, is for her to explain that possession; and upon this ground we reverse the judgment of the court below. *Primrose vs. Browning*, 59 *Ga.* 69; *City of Atlanta vs. Word*, 78 *Ga.* 276. As to the right of a married woman to contract, see *Huff vs. Wright*, 39 *Ga.* 41; *Wilcoxson vs. The State*, 60 *Ga.* 184.

Judgment reversed.