## STRICKLAND *v.* JONES, survivor; and *vice versa.*

1. It was not error to charge: "Whenever a transaction is between husband and wife, and creditors attack it, then the law throws the onus, that is the burden of proof, on the wife, when she claims the property purchased or received from her husband, to make a fair showing of the whole transaction."

2. The charge of the court upon the question as to the existence of fraud in the conveyance by the husband to the wife of the lands upon which the plaintiff's attachment against the husband was subsequently levied, when fairly considered as a whole, did not put the burden upon the wife, as the claimant, of showing that her husband, the defendant in execution, had no fraudulent intent in conveying the property in question to her; nor was it justly subject to exception upon the ground that it failed to instruct the jury that fraud by the husband in this transaction with his wife, unknown to her and which she had no reasonable ground to suspect, would not be sufficient to invalidate the deed which he made to her.

3. It was not error to instruct the jury that in passing upon the question whether there was fraud in the transaction between the husband and the wife, the question whether the debt in payment of which the wife claimed that the husband conveyed the property in controversy to her was barred by the statute of limitations was a circumstance which they might consider.

4. A claimant can not rely upon title acquired from a third person after the levy of the execution and the filing of the claim.

5. Even if a claimant who admits possession in the defendant in fi. fa. at the time of the levy and assumes the burden of proof, upon showing some interest in the property, can set up that the defendant in fi. fa. had, before the levy, conveyed the property to a third person to secure a debt, taking bond for reconveyance on payment, and that the defendant has not been reinvested with the title, yet when the only interest which such a claimant sought to assert was by virtue of a deed from the defendant in fi. fa., and this was attacked on the ground that it was a fraudulent conveyance and void against creditors, after verdict finding the property subject to the levy the verdict will not be set aside on a general ground of a motion for a new trial, alleging that the verdict was contrary to the evidence.

6. Where an attachment sued out under the fraudulent debtor's act is levied upon land as the property of the defendant in execution, and such property is claimed by another person, the question whether the right of the attaching creditor to sue out the attachment had become barred by the statute of limitations at the time he proceeded to do so is not one which can be raised by the claimant upon the trial of the claim case. This is true although it appears from the evidence that the claimant relies for title upon a deed from the defendant in the attachment proceeding, which was alleged in the attachment affidavit to have been executed for the purpose of defeating and defrauding the attaching creditor.

7. The evidence was sufficient to authorize the jury to find the property subject, and there was no error in overruling the motion for a new trial.

Argued February 4,—Decided August 19, 1907.

Claim. Before Judge Freeman. Carroll superior court. February 2, 1907.

*W. C. Hodnett* and *W. F. Brown,* for Mrs. Strickland.

*R. D. Jackson* and *S. Holderness,* contra.

FISH, C. J. Jethro Jones & Son sued out an attachment against T. J. Strickland as a fraudulent debtor, alleging in the petition, verified by a member of the firm on November 30, 1898, that the defendant was indebted to them in a named amount upon certain described promissory notes, upon which suit was then pending in the superior court; that, for the purpose of defeating and defrauding them, he had executed a deed conveying certain land to his wife, which he had previously agreed to convey to them as security for such indebtedness; that he had also executed fraudulent mortgages, transfers, and assignments of other property of his, and was threatening to dispose of all the balance of his property, all for the purpose of defeating and defrauding the plaintiffs. The attachment was issued on December 1, 1898; and on December 3, 1898, it was levied upon several tracts of land as the property of the defendant, to which Mrs. F. E. Strickland, his wife, interposed a claim. Plaintiffs filed a declaration in attachment in the superior court. While the common-law and attachment suits were pending the defendant died, and the administrator upon his estate was made party defendant in his stead. By an order of court the attachment case and the common-law action were consolidated and tried together; and upon the trial a judgment was rendered in favor of plaintiffs for the amount found to be due them by an auditor to whom the suit upon the notes had been referred. Subsequently the claim case came on for trial,

and upon such trial the claimant admitted that at the time of the levy of the attachment the defendant was in possession of the property levied upon, and assumed the burden of proof. The jury returned a verdict finding the property subject; whereupon claimant made a motion for a new trial, which was overruled, and she excepted.

One ground of the motion for a new trial was, that the court erred in charging: "Whenever a transaction is between husband and wife, and creditors attack it, then the law throws the onus, that is the burden of proof, on the wife when she claims the property purchased or received from her husband, to make a fair showing of the whole transaction." There is no special assignment of error pointing out wherein this charge is claimed to be erroneous. The charge is in accordance with what this court, in *Richardson* v. *Subers*, 82 *Ga.* 427 (9 S. E. 172), declared to be the law, and with section 2492 of the Civil Code, wherein it is declared that "when a transaction between husband and wife is attacked for fraud by creditors of either, the *onus* is on the husband and wife to show that the transaction was fair." It is, therefore, clear that there is no merit in this ground of the motion.

2. The court charged the jury, that if the claimant had shown by evidence "that she bought this property from her husband in good faith, free from fraud, for the purpose of settling a debt which her husband owed her, and you find she has brought evidence before you that he did owe her at the time the deed is alleged to have been dated, the 8th of March, 1894, a valid, subsisting, outstanding debt, if her husband conveyed property to her in settlement of such debt as that, and upon further consideration that she should assume and pay off a debt he owed Richardson, which was secured by a deed on the land made by her husband, and there was no fraud in the transaction, why then I charge you she would have made out such a case as would entitle her to a verdict finding the issue in her favor, unless the plaintiffs . . have shown you some legal reason why she should not have such a verdict." This charge is complained of in the motion, the assignments of error thereon being, that it put the burden upon claimant of showing "that the defendant, T. J. Strickland, had no fraudulent intent in making the deed referred to," and implied "that if the claimant did not show" this, "the property levied on would be subject;" and

"because it does not instruct the jury if defendant . . in the execution of said deed to her had a fraudulent intent unknown to her, or that she had no ground for reasonable suspicion, the property levied on would not be subject." From the brief of counsel for plaintiff in error, it appears that the first assignment of error was intended to be based upon the use by the judge of the expression, "free from fraud," and the language, "and there was no fraud in the transaction." We do not think that the language, "if the claimant . . has shown . . that she bought this property from her husband in good faith, free from fraud, for the purpose of settling a debt which her husband owed her," is fairly susceptible of the construction placed upon it by counsel for plaintiff in error, that is, that the charge put the burden on the claimant of showing that the husband had no fraudulent intent in making the deed. The more natural construction of this language is, that the wife must have bought this property in good faith and have been herself free from fraud in buying it. The other expression, "and there was no fraud in the transaction," is broad enough to include fraud in the transaction on the part of the husband, unknown to the wife, as well as fraud by both husband and wife; but in view of the other instructions of the court upon the same subject, which followed in unbroken connection with the instruction here excepted to, we feel sure that the jury could not have so understood it. The instructions which immediately followed those here excepted to were such as to make it perfectly clear to the jury that fraud in the transaction on the part of the husband alone, unknown to and unsuspected by the wife, would not be sufficient to invalidate the deed which he made to her. This comment upon the charge also disposes of the second assignment of error.

3. One ground of the motion complains, generally, that the court instructed the jury that, in passing upon the question whether or not there was any fraud in the transaction, the question whether the debt which Mrs. Strickland claimed her husband owed her was barred by the statute of limitations was a circumstance which they might consider. It appeared from the claimant's own testimony that the debts which she claimed her husband owed her, and in payment of which he conveyed to her the lands in question, had been created by her having loaned him money at various times, without taking any written evidence of the indebtedness thus

created, and that at the time he made her the deed the whole of this indebtedness had long been barred by the statute of limitations, some of it having then been in existence for about a quarter of. a century. Certainly the jury could consider this circumstance in passing upon the question of the bona fides of the claimant in this transaction with her husband; as it is well settled, both by the provisions of the Civil Code and numerous decisions of this court, that, fraud being subtle in its nature, slight circumstances tending to show its existence may be considered in determining whether it was or was not present in a given transaction. *Comer* v. *Allen*, 72 *Ga.* 1 (4).

4. It was alleged in the motion that the court erred in failing to instruct the jury that the claimant contended that the lands levied on had been conveyed by the defendant to one Richardson, by a deed executed December 31, 1890, to secure a debt of $685.00, and that Richardson executed a bond conditioned to reconvey the property to the defendant, or his assigns, upon the payment of this debt, and that at the time defendant executed the deed of March 8, 1894, to claimant, he also transferred to her, for a valuable consideration, this bond for title, and that on November 9, 1900, Richardson, after she had paid the debt to secure which defendant had conveyed the lands to him, executed and delivered to her a deed to the premises levied upon. While the court did not charge this contention of the claimant as it is here stated, he presented her contention that she acquired title to the property by reason of its having been conveyed to her by her husband in settlement of a debt which he owed her, and upon the further consideration of her assuming and paying the debt which he owed Richardson, more favorably to her than if he had done so. His charge in this respect was broad enough for the jury to understand that if they should find that the deed from the husband to the wife was really executed for the purpose of paying a debt which he owed. her, and upon the further consideration that she should assume and pay the debt which he owed Richardson, and with no intent on his part, known to her, to hinder, delay, or defraud the plaintiffs, the property should be found not subject to plaintiffs' execution, whether she had actually paid the Richardson debt and received a conveyance from him or not. The attachment was levied December 3, 1898, and the claim in-

terposed March 15, 1899. The deed from Richardson to the claimant was dated November 30, 1900. So the claimant could not rely upon title acquired from Richardson, as she obtained this title after the levy of the attachment and after she had filed her claim to the property levied on. *MacIntyre* v. *Ferst,* 101 *Ga.* 682 (28 S. E. 989); *Oatts* v. *Wilkins,* 110 *Ga.* 319 (35 S. E. 345). She could only rely upon the title which she claimed to have acquired from her husband prior to the levy and the filing of her claim; and the charge of the court gave her the full benefit of her contention in this respect.

5. It was also alleged in the motion that the verdict was contrary to the law and the evidence, because, at the time of the levy of the attachment, the defendant "had no leviable interest in the property levied upon, for the reason that . . he had . previously. . . conveyed said property, . . by deed lawfully executed, to Albert L. Richardson to secure a loan of $685.00," and at the time of the levy this debt had not been paid, nor the property reconveyed by Richardson to the defendant, nor had plaintiffs offered to pay this debt in order to have the property reconveyed to defendant, so as to have it levied upon.

The members of the court are not in entire agreement as to whether a claimant, who admits a prima facie title in the defendant, so as to make out a prima facie case for the plaintiff in 'fi. fa., can set up that the defendant in execution had conveyed the property to a third person as security for a debt, had taken bond for reconveyance upon payment, and the title had not been reconveyed to the defendant, and therefore the defendant did not have a leviable interest in the property, such contention being for the purpose of having the property found not subject under the claim. Some of the members of the court are of the opinion that after the claimant admitted that the defendant in fi. fa. was in possession at the time of the levy, and assumed the burden of proof, she could not set up an outstanding title in a third person and thereupon secure a judgment sustaining her claim and finding the property not subject. Other members of the court are of the opinion that if the claimant showed a deed to her from the defendant in fi. fa., which would convey to her all his interest in the property, she could set up the existence of the security deed previously made by him, and that the defendant in

execution had no leviable interest, for the purpose of preventing the property from being subject to the levy. All of the members of the court concur in the view that a title acquired by the claimant after the interposition of the claim could not be set up in the claim case, as has been already stated, and that the claimant occupied no better position by reason of any conveyance taken by her from the holder of the security deed while the claim was pending. All also concur in the view that even if, upon showing an interest in the property, the claimant could set up the outstanding security deed, for the purpose of showing that the defendant in fi. fa. had no leviable interest, nevertheless, where the only interest sought to be proved by the claimant, acquired before the interposition of the claim, was under a deed from the defendant in execution, and this was attacked as being fraudulent and void as against the plaintiffs in fi. fa., and the finding of the jury involved a determination of this issue against the claimant, thus in effect finding that as between the parties to the litigation the deed to the claimant was void and she had no interest in the land, the verdict will not be set aside, or a new trial granted, on the ground that it was not supported by the evidence, because the defendant in execution had no leviable interest. To do this would be to hold that the deed which the jury have found void was not so, and the claimant had an interest, in spite of the verdict, which found in effect that she had none, which finding was supported by sufficient evidence.

6. In the last ground of the motion it is contended that the evidence showed that plaintiffs' right, if any they had, to sue out the attachment under the fraudulent debtor's act was barred at the time they proceeded to do so, on November 30, 1898, as more than four years had then elapsed from the commission of the alleged fraudulent act by the defendant, viz., the execution of the deed to his wife to the lands in controversy, on March 8, 1894, which deed was recorded March 9, 1894. In our opinion, the claimant could not make this contention. The plea of the statute of limitations was not one which was available to her. If the statute was involved in the attachment case, the right to plead it was a personal privilege of the defendant; which he, or his legal representative in case of his death, might exercise or waive, but of which a third party could not take advantage. If the right of

the plaintiffs, if such they had, to sue out the attachment had become barred when they undertook to exercise it, this fact did not render the attachment void, but only voidable at the instance of the party against whom the attachment was issued. While the affidavit upon which the attachment was based alleged that the defendant had fraudulently conveyed certain land to his wife, which it appears from the evidence is the land upon which the attachment was levied, and which was claimed by her, this did not give her the right to rely upon the statute of limitations in aid of her claim; for the attachment was not issued against her or her property, but was proceeding against her husband, who alone had the right to plead the statute.

7. Under the evidence the jury was authorized to find the property subject, and there was no error in refusing to grant a new trial.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur.*