MITCHELL *et al.* v. MIXON, trustee.

GILBERT, J. A trustee in bankruptcy brought an equitable proceeding to set aside a deed from husband to wife, on the ground that it was made by a debtor to hinder, delay, or defraud creditors, such intention being known to the grantee. The deed recited a consideration of one dollar and love and affection. The only evidence of other consideration was that of the debtor, who swore that his wife obtained $500 from her brother in Oklahoma and paid it to him by check which had been lost or misplaced. The wife did not testify. There was evidence of outstanding indebtedness from which the jury might infer insolvency at the time the deed was executed. The jury returned a verdict for the plaintiff. To the overruling of a motion for new trial the movants excepted. *Held:*

1. Irrespective of whether the deed was voluntary, the evidence authorized the jury to find that it was made to hinder, delay, or defraud creditors. In such a transaction the onus is on the husband and wife to show that the transaction was fair. Civil Code (1910), § 3011; *Richardson* v. *Subers,* 82 *Ga.* 427 (9 S. E. 172).

2. None of the court's instructions to the jury were erroneous for the reasons assigned.      *Judgment affirmed. All the Justices concur.*

No. 1038. NOVEMBER 18, 1918.

Equitable petition. Before Judge Crum. Wilcox superior court. May 1, 1918.

*Howard E. Coates* and *Martin B. Cannon,* for plaintiffs in error. *Hal Lawson,* contra.