GILL, for use, etc., *v.* WILLINGHAM.

HINES, J. 1. Where a wife claimed the property levied on under a deed from her husband, dated Dec. 17, 1920, the husband being the defendant in fi. fa., the court did not err in refusing to permit the wife on the trial of the claim case in February, 1923, to answer a question seeking to elicit from her the amount of her stock of merchandise at the time of the trial, she having testified that she did not know how much stock she carried at the date of said deed; the evidence thus sought to be elicited being immaterial and irrelevant to the issue on trial.

2. The court did not err in admitting in evidence, in behalf of the claimant, certain checks in favor of the claimant by her father on the Concord Banking Co., the same having been drawn at various dates between Oct. 1, 1907, and Dec. 22, 1919, and having been paid by said bank, over the objection of plaintiff that they were irrelevant and immaterial. This evidence was admissible to show the ability of the plaintiff to advance money to her husband and to pay for the premises in dispute.

3. The court did not err in admitting in evidence, in behalf of claimant, certain checks drawn by her between May 5, 1920, and Oct. 13, 1920, two of said checks, one for $25 and the other for $140, being payable to her husband, and three of them being payable to third parties, over the objection of plaintiff that they were irrelevant and immaterial. These checks were properly admitted as evidence tending to show the financial worth of plaintiff and her ability to advance, and the actual advance of, money to her husband.

4. The court instructed the jury as follows: " The claimant, in support of her claim, introduces in evidence a certain deed from M. J. Willingham to his wife, Annie Laura Willingham, purporting to convey the property in dispute to the claimant in this case for an alleged consideration of $1500, this deed dated the 17th day of Dec., 1920, and recorded on the same day here in the clerk's office of Meriwether superior court. Now, gentlemen, the effect of this deed made by M. J. Willingham was to put whatever title M. J. Willingham had in the property in dispute in his wife, the claimant in this case; and nothing else appearing, why the property could not be subjected, and you should find the property not subject, nothing else appearing in the case. Now the plaintiff in fi. fa. attacks that deed and says that it is void and

fraudulent in law as against the plaintiff in fi. fa., and is null and void for the reason that, at the time of the execution of the deed, plaintiff insists that the defendant in fi. fa., M. J. Willingham, was insolvent, and that he conveyed the land by the deed with intent to delay or defraud creditors and others, that such intention was known to the party taking the deed, the claimant in this case. . . So that, gentlemen, the burden would then shift to the plaintiff in fi. fa. to show that the deed in question here which I have called your attention to, from M. J. Willingham to the claimant, purporting to convey the property in dispute, was null and void for the reason insisted on by the plaintiff in fi. fa." The plaintiff insists that this charge is an incorrect statement of the law; that when a transaction between husband and wife is attacked for fraud by a creditor, the burden is on the husband and wife to show that the transaction is fair; and that the introduction of the deed from the husband, who is the defendant in fi. fa., to the claimant, who is his wife, did not shift the burden from the claimant to the plaintiff in fi. fa., and did not overcome the prima facie presumption arising from the possession of the premises in dispute by the defendant at the date of the levy, and the assumption of the burden of proof by the claimant. *Held:* When a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair. Civil Code (1910), § 3011; *Richardson* v. *Subers*, 82 *Ga.* 427 (9 S. E. 172); *Strickland* v. *Jones*, 121 *Ga.* 409 (62 S. E. 322); *Brand* v. *Bagwell*, 133 *Ga.* 750 (66 S. E. 935); *Gray* v. *Collins*, 139 *Ga.* 776 (78 S. E. 127); *Mitchell* v. *Mixon*, 148 *Ga.* 596 (97 S. E. 528). This instruction was error, because the mere introduction of a conveyance from the husband to the wife would not shift the burden from her to the plaintiff, the burden being on her to show that the whole transaction was fair (*Richardson* v. *Subers*, supra); and it was for the jury to say what evidence would shift the onus from the husband and wife to the creditor. *Kelley* v. *Stovall*, 138 *Ga.* 186 (75 S. E. 6); *Stephens* v. *Southern Cotton Oil Co.*, 147 *Ga.* 410 (94 S. E. 245); *Clark* v. *Cassidy*, 64 *Ga.* 662 (4). It can not be held that this error was harmless because elsewhere in his charge the judge instructed the jury that "when a transaction between husband and wife is attacked for fraud by a creditor or other, the burden is on the husband and wife to show that the transaction was fair." *Pfleiger* v. *Jones*, 147 *Ga.* 473 (2 *a*) (94 S. E. 580). The jury can not be expected to select one part of a charge to the exclusion of another, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly. *Morrison* v. *Dickey*, 119 *Ga.* 698 (46 S. E. 863); *Savannah &c. R. Co.* v. *Hatcher*, 118 *Ga.* 273 (45 S. E. 239); *Bennett* v. *Atlantic &c. R. Co.*, 126 *Ga.* 411 (55 S. E. 177).

5. The court instructed the jury as follows: "If you find, gentlemen, that the facts concur as to the purpose to delay or defraud creditors, and that such intention to delay or defraud, if any, was known to the claimant, Mrs. Willingham, then that would vitiate the deed from M. J. Willingham, the defendant in fi. fa., to the claimant, and the deed would be fraudulent as against the plaintiff in fi. fa. in this case, and

you would find the property subject." Error is assigned on this instruction, on the grounds: (1) that it was calculated to and did mislead and confuse the jury, in that it suggested an illegal rule of evidence; (2) that it instructed the jury that if the facts concur on the proposition charged, the result would be in favor of the plaintiff; (3) that this language, " that the facts concur as to the purpose to delay or defraud creditors," required stronger proof than required by law; and (4) that it was calculated to impress the jury that if the facts did not concur, they would not be authorized to find in favor of the plaintiff. *Held*, that this instruction was tantamount to telling the jury that it was necessary that the facts touching the purpose of the husband to delay or defraud his creditors concur, and that such intention must have been known to the claimant in order to render the deed from her husband to the claimant void, and was erroneous for the reason that the existence of such intention on the part of the husband, if known to the wife, and not the concurrence of the facts, would render his deed to her void as against the plaintiff.

6. The court charged the jury as follows: " Now, the court instructs you, gentlemen of the jury, if there was an intention on the part of the defendant in fi. fa. to delay or defraud his creditors, but such intention was not known to the claimant, the party taking the deed, and the conveyance was made without notice to her or ground for reasonable suspicion on her part, why then the conveyance would be valid notwithstanding it was the intention on the part of the defendant in fi. fa. in making the conveyance to hinder, delay, and defraud his creditors." The plaintiff insists that under the law he was only required to show that the intention was to hinder, or to delay, or to defraud, and that any one of said propositions was all that the law requires to be proved in order for the plaintiff to prevail in the case. *Held,* that this criticism of this instruction is without merit. The court did not instruct the jury that it must be shown that it was the purpose of the husband to hinder, delay, and defraud his creditors, before the plaintiff could succeed; but on the contrary instructed the jury that if the husband intended to delay or defraud his creditors, and if such intention was not known to the wife and she took the conveyance from her husband without notice or ground for reasonable suspicion, then the conveyance would be valid although it was the intention of the husband to hinder, delay, and defraud his creditors.

7. The court instructed the jury as follows: " Now, gentlemen, if you find any act done by M. J. Willingham was with the intention of delaying or hindering a creditor, the plaintiff in this case would be a creditor in the sense of this law — such would be a legal fraud, and if such intention was known to Mrs. Willingham at that time, why then the deed from the defendant in fi. fa. to the claimant would be void." Plaintiff excepts to this charge on the ground that it is an incorrect statement of the law, in that " it left the jury under the impression that the delaying or hindering intended by M. J. Willingham must have been known to Mrs. Willingham at that time;" and that any intention on the part of the defendant to hinder or delay creditors at any time before the making of the deed, known by her, would render the deed void. *Held:*

The criticism of this charge is without merit. Clearly, if the claimant knew of such intention of the grantor prior to the actual execution and delivery of his deed to her, she knew of it at the time the deed was made.

8. The court charged the jury as follows: " Now, gentlemen, it is not necessary that the intention to delay, if any, should be coupled with the intent to defraud; an intention may be entirely honest. Fraud, in this connection, does not necessarily mean corrupt or dishonest motive." Plaintiff excepts to this charge on the ground that it was not full enough. and that the court should have instructed the jury that, if such delay existed, the plaintiff should prevail in .the case. Plaintiff does not complain that the charge given was abstractly incorrect. *Held:* If plaintiff wished further and fuller instructions upon this subject, he should have duly requested the court to give such instructions.

9. The court charged the jury as follows: " The burden of proving the fraud is upon the plaintiff in this case, and he must prove the fraud by the preponderance of the evidence." Plaintiff excepts to this charge, on the ground that there is no rule of law requiring proof of fraud by a preponderance of the evidence, and that the language of the court was confusing and misled the jury, in that the court, after giving the above charge, instructed the jury, that, "fraud being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." *Held*, that this instruction, under the facts of this case, was erroneous. In a claim case where the wife sets up title to the property levied upon under a deed from her husband, and his creditor attacks the same upon the ground that it is a fraudulent conveyance, intended to hinder, delay, and defraud such creditor, the law does not put upon the creditor the burden of establishing fraud in the conveyance. On the contrary, it puts the burden upon the husband and wife. They must show that the transaction as a whole is free from fraud. See authorities cited in the fourth headnote.

10. The court charged the jury as follows: " You may look to the consideration passing from the claimant in this case to the defendant in fi. fa. Was the consideration paid by Mrs. Willingham, the claimant in this case, to the defendant in fi. fa., M. J. Willingham, her husband, adequate? Was the amount paid what the property was reasonably worth, or was it grossly inadequate?" Plaintiff excepts to this charge on the ground that it contains an intimation or expression by the court to the jury that the claimant had paid to her husband a consideration for the property levied upon. *Held:* The contention of the plaintiff being that the deed from the husband to the wife was a voluntary conveyance and without consideration, this charge assumed the existence of such consideration, and to this extent was erroneous. *Byne* v. *Anderson*, 67 *Ga.* 466 (5).

11. The court charged the jury as follows: " Mere inadequacy of consideration in a deed from a husband to his wife, even if he is insolvent at the time of its execution, will not of itself alone void the deed at the instance of creditors, if there was no intention to delay or to hinder or defraud. An inadequacy of consideration, if gross, would be a bad~ of fraud, and might be so gross when combined with other circumstances

as to amount to proof of actual fraud." Plaintiff excepts to this charge on the grounds: (1) that it was not appropriate to the present case, the rule of law concerning adequacy or inadequacy of consideration not being the same in transactions between husband and wife as between strangers; (2) that this instructions conflicts with the rule as laid down in other portions of the charge as to fraud in transactions between husband and wife; (3) that said charge was hurtful in that the court stated that inadequacy of consideration, if gross, would be a badge of fraud, and failed to permit the jury to consider evidence of inadequacy of consideration as a circumstance that might show intention on the part of the claimant and defendant to delay or defraud his creditors, and (4) that this portion of the charge introduced the question of actual fraud, and the judge failed to instruct the jury what their findings should be if such fraud existed, and failed to define the meaning of actual fraud, leaving the jury in confusion as to legal fraud and actual fraud. *Held,* that while the husband has the right to prefer his wife to other unsecured creditors and pay her as well with property as with money, provided the property conveyed to the wife in satisfaction of her debt is reasonably proportioned to the amount of the debt, the conveyance by him to her of property in a sum grossly in excess of the amount due her amounts to a conveyance made with intent to delay and defraud creditors, this being true notwithstanding both husband and wife claim to have acted in good faith in the transaction; and such conveyance will be set aside as a fraud upon other creditors of the husband. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867). So the court erred in instructing the jury that gross inadequacy of consideration would be a badge of fraud, the law denouncing such gross inadequacy of consideration as a fraud upon creditors of the husband.

12. The court charged the jury as follows: " Now, then, gentlemen, it is for the jury to determine whether badges of fraud have been shown as to call for an explanation, and is for the jury to determine, if they find badges of fraud, whether they have been rebutted or have been satisfactorily explained. If the jury find badges of fraud and also find if the fraud was concurrent between the defendant in fi. fa. and claimant, and those badges of fraud have not been rebutted to the satisfaction of the jury, the deed would be vitiated and void so as to void the title as against the plaintiff in fi. fa. in this case. On the other hand, if the jury find there are no badges of fraud as call for rebuttal or explanation, or if they called for rebuttal or explanation and those badges of fraud have been rebutted to the satisfaction of the jury or satisfactorily explained to them, then such badges of fraud could not affect the validity of the deed in question." Plaintiff excepts to this charge on the grounds: (1) that the court failed to define to the jury the meaning of the expression, " badges of fraud " or " badge of fraud;" and (2) because there was no evidence and pleading authorizing this extensive instruction on the question of badges of fraud and rebuttal or explanation thereof. *Held,* that this charge was not erroneous for any of the reasons assigned. Whether it was erroneous on any other ground is not now for decision by this court.

13. The plaintiff excepts to the charge as a whole, on the ground that it

was unfair to plaintiff in that it summed up, repeated, and emphasized to the jury the contention of the claimant 'to the exclusion of the contention of the plaintiff, and that the court failed to set forth with equal prominence and emphasis the contentions of plaintiff. *Held*, that this assignment of error is without merit.

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurs in the result.

No. 3788. NOVEMBER 14, 1923.

Claim. Before Judge Roop. Meriwether superior court. April 24, 1923.

*N. F. Culpepper* and *W. R. & W. B. Jones*, for plaintiff.

*A. J. Perryman* and *H. H. Revill*, for defendant.