## SIMMONS v. REALTY INVESTMENT COMPANY.

1. On the trial of a statutory claim to land under the Civil Code of 1910, § 5157, interposed to resist the levy of a distress warrant upon certain described land as the property of a husband, it is not necessary, in order to show fraud in a deed from the husband to the wife (claimant), to have special pleadings for that purpose.
2. "In a claim case where the wife sets up title to the property levied upon, under a deed from her husband, and his creditor attacks the same upon the ground that it is a fraudulent conveyance intended to hinder, delay, and defraud such creditor, the law does not put upon the creditor the burden of establishing fraud in the conveyance. On the contrary, it puts the burden upon the husband and wife. They must show that the transaction as a whole is free from fraud."
3. The evidence authorized the verdict, and the court did not err in refusing a new trial.

No. 4458.    March 11, 1925.

Claim.    Before Judge Mathews.    Bibb superior court.    June 16, 1924.

*R. D. Feagin, Clements & Clements,* and *H. B. Bell,* for plaintiff in error.

*Hall, Grice & Bloch,* contra.

Hill, J.    This is a levy and claim case.    Realty Investment Co., as plaintiff in a distress warrant against S. T. Simmons, as defendant, caused a levy to be made on lots of land 9 and 10 in East Macon, to which land Jennie Simmons, the wife of the defendant, filed a claim.    The entry of levy did not recite that the property was in the possession of the defendant, S. T. Simmons.    The case proceeded to trial before a jury, and a verdict was rendered against the claimant, finding the property subject.    A new trial was refused, and the claimant excepted.    The case was tried on an agreed statement of facts.    From these facts it appears that the claimant is the wife of the defendant, and that she claims the land levied upon under a deed to her from the defendant, her husband, dated July 21, 1921.    The plaintiff introduced the agreed statement of facts, the distress warrant, the entry of levy, and the defendant's notes given to the plaintiff prior to the execution of the deed.    The claimant did not offer any oral evidence.

1.    The court charged the jury as follows:    "There is no conflict in the evidence here as to the substantial facts as they appear upon an agreement of counsel in the case, but the question arises whether or not, under the law applicable to the case, the claimant, that is the wife Mrs. Jennie Simmons, has carried the burden of

showing good faith on her part, and that the transaction was fair. Now, a married woman may make contracts with other persons, but when a transaction between a husband and wife is attacked for fraud by a creditor, either of the husband or wife, the onus is on the husband or wife, to show the transaction was fair. Now, to apply the law in this case, Mrs. Simmons had the right to buy the property from her husband, and he had the right to convey it. Where a transaction of that sort naturally has the effect, under the circumstances, of interfering with creditors of the husband, and the issue comes up in court as to whether or not that was a fair transaction, if the creditor shows there was a conveyance made of that property by the husband to the wife shortly before the levy, then that would devolve upon the claimant in this case the duty of showing by evidence that it was a fair transaction between her and her husband; and if she fails to show it was a fair transaction, then it might be treated, as to the plaintiff, a void transaction or conveyance, in other words, that it did not convey the title as against his claim. Now, the burden is upon the plaintiff to show and to make out his case and show this property belonged to the husband. He undertakes to carry that burden by showing this property was the husband's shortly before this conveyance; and I charge you that if they can show it, that there was a conveyance that had the effect to render his levy void, or render the levy unproductive because the property was claimed by the wife, then the burden is upon the wife to show her claim was a bona fide claim, a fair claim, and fair conveyance made as between any other two persons; and if she fails to carry that burden, then the jury would be authorized to find as to the creditor, or if the plaintiff in this case, the Realty Investment Co., that she did not have the title as against his right as a creditor to enforce the claim." The plaintiff in error in her motion for new trial quoted excerpts from this charge and assigned error thereon upon various grounds, among others, that it should have instructed the jury that the burden of proof was upon the plaintiff in fi. fa., inasmuch as the levying officer did not show by his entry that the property levied on was in the possession of the defendant in fi. fa.; that the charge did not correctly state the law as to the burden of proof in a case between husband and wife in a claim case; that it was error for the court to charge the jury that when a transaction between a

husband and wife is attacked for fraud by a creditor either of the husband or wife, the burden of proof is on the husband or wife to show that the transaction was fair, as this principle of law only applies where in a particular case, *by appropriate pleadings and proof,* a transaction between a husband and wife is attacked; and that the charge was an intimation of opinion from the court that the deed in question had the effect of interfering with creditors of the husband, and that there was no proof that Simmons had any other property that could be levied on, etc.

We are of the opinion that the criticisms of the charge are without merit. It has been held by this court that on the trial of a statutory claim to land under the Civil Code of 1910, § 5157, interposed to resist the levy of a fi. fa., it is not necessary, in order to show fraud in a deed to the claimant, to have special pleadings for that purpose. *Harris* v. *Anderson,* 149 *Ga.* 168 (2) (99 S. E. 530); *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5); *Fouts* v. *Gardner,* 157 *Ga.* 362 (1 *a*) (121 S. E. 330).

Nor is the contention sound that the charge of the court was erroneous on the question of the burden of proof. It will be seen from the charge quoted above that the court instructed the jury that "the burden is upon the plaintiff to show and to make out his case and show this property belonged to the husband. He undertakes to carry that burden by showing this property was the husband's shortly before this conveyance; and I charge you that if they can show it, that there was a conveyance that had the effect to render his levy void, or render the levy unproductive because the property was claimed by the wife, then the burden is upon the wife to show her claim was a bona fide claim, a fair claim, and fair conveyance made as between any other two persons," etc. The agreed statement of facts shows that the husband owned the property in July before the levy in October. This court in *Gill* v. *Willingham,* 156 *Ga.* 728 (9) (120 S. E. 108), a case somewhat similar to the present case, held: "In a claim case where the wife sets up title to the property levied upon under a deed from her husband, and his creditor attacks the same upon the ground that it is a fraudulent conveyance, intended to hinder, delay, and defraud such creditor, the law does not put upon the creditor the burden of establishing fraud in the conveyance. On the contrary it puts the burden upon the husband and wife. They

must show that the transaction as a whole is free from fraud." Citing Civil Code of 1910, § 3011; *Richardson* v. *Subers,* 82 *Ga.* 427 (9 S. E. 172); *Strickland* v. *Jones,* 131 *Ga.* 409 (62 S. E. 322); *Brand* v. *Bagwell,* 133 *Ga.* 750 (66 S. E. 935); *Gray* v. *Collins,* 139 *Ga.* 776 (78 S. E. 127); *Mitchell* v. *Mixon,* 148 *Ga.* 596 (97 S. E. 528). Neither the defendant in fi. fa. nor his wife, the claimant, testified in the case, and she did not attempt to show that the transaction as a whole was free from fraud. Under the pleadings and agreed statement of facts, we are of the opinion that the charge of the court was not erroneous for any reason assigned. The verdict was authorized by the evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*