TIPPINS, superintendent of banks, *v.* LANE.

HUTCHESON, Justice. 1. It is within the discretion of the trial judge to permit leading questions to be propounded to a witness in the direct examination, or he may sustain objection thereto, as the ends of justice and the ascertainment of the truth seem to require; and this discretion will not be controlled, unless it be made to appear that injury resulted to the party complaining. *Higdon* v. *Williamson*, 140 *Ga.* 187 (3) (78 S. E. 767); *Colley* v. *Williams*, 122 *Ga.* 841 (50 S. E. 917); *City of Rome* v. *Stewart*, 116 *Ga.* 738 (42 S. E. 1011); *Holmes* v. *Clisby*, 121 *Ga.* 241 (7) (48 S. E. 934, 104 Am. St. R. 103); *Phinazee* v. *Bunn*, 123 *Ga.* 230 (51 S. E. 300); *Ewing* v. *Moses*, 51 *Ga.* 410, 419. The court did not abuse its discretion in overruling the objection to the questions and the answers, on the ground that the questions were leading and assumed the fact of the delivery of the deeds.

2. A deed coming from the custody of the grantee, coupled with possession of the property conveyed therein, is admissible in evidence. *Swicard* v. *Hooks*, 85 *Ga.* 580 (11 S. E. 863); Code, § 29-105.

3. Title to property in a person, once proved or admitted, is presumed to continue until the contrary is proved. Therefore where in a claim case the plaintiff in fi. fa. proves title in the defendant in fi. fa., prior to the judgment or execution, a prima facie case is made out, and the onus is on the claimant, who derived title from the defendant in fi. fa., to show her title to be superior to the lien of the execution. *Coleman*

& *Burden Co.* v. *Rice,* 105 *Ga.* 163 (31 S. E. 424); *Sealy* v. *Beeland,* 183 *Ga.* 709 (189 S. E. 524).

4. In the trial of a statutory claim to land, interposed under the Code, § 39-801, to resist the levy of a fi. fa., it is not necessary, in order to show fraud in the deed to the claimant, to have special pleading for that purpose. *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99 (127 S. E. 279), and cit.

5. "Whenever a transaction is between husband and wife, and creditors of the husband attack it for fraud, if the wife claim the property purchased or received from her husband, the onus is on her to make a fair showing about the whole transaction." *Richardson* v. *Subers,* 82 *Ga.* 427 (9 S. E. 172). See *Strickland* v. *Jones,* 131 *Ga.* 409 (62 S. E. 322); *Gill* v. *Willingham,* 156 *Ga.* 728 (4) (120 S. E. 108); Code, § 53-505. Under the pleadings and the evidence the court erred in refusing a timely and proper written request to charge the foregoing principle.

*Judgment reversed. All the Justices concur.*

No. 11724. April 15, 1937.

*Lowrey Stone,* for plaintiff. *A. H. Gray,* for defendant.