STATE BANKING COMPANY *v.* MILLER *et al.*

No. 12137. MARCH 8, 1938.
ADHERED TO ON REHEARING, MARCH 26, 1938.

*Joseph G. Collins* and *Wheeler & Kenyon,* for plaintiff.
*Oliver & Oliver* and *G. Fred Kelley,* contra.

HUTCHESON, Justice. On January 26, 1932, the State Banking Company filed suit against T. C. Miller on two notes dated March 14, 1930, one for $2949.06, another for $64.70. On May 18, 1932, judgment thereon was obtained, on which judgment execution is-

sued on June 10, 1932, and was duly recorded. On October 4, 1932, this execution was levied on 105 acres of farm land and certain town lots as the property of the defendant in execution. The children of the defendant interposed a claim to the property by reason of a deed executed by the defendant, dated 1923, reciting delivery and a consideration of $3000, and conveying 225 acres of farm land to the wife of the defendant for life or widowhood, with remainder to their children, the claimants, the 105 acres levied on being a part of 225 acres so conveyed. The plaintiff attacked this deed as fraudulent, and on the trial adduced substantially the following evidence: The defendant was in possession of the 225 acres from 1923 to the time of trial, exercising acts of ownership such as renting parts of it, collecting the rents, and returning it for taxation. In 1924 the defendant insured the dwelling-house thereon in his own name. The wife never returned the property for taxation, and neither the wife nor the children made any claim to it before the death of the wife in 1931. In 1930 and 1931 the defendant executed to another bank security deeds conveying 120 acres of the land described in the deed from him to his wife and children; this, however, was not the 105 acres levied on. In 1928 the defendant executed to the plaintiff a note marked as a renewal note. There was no evidence to show when, before 1928, the defendant became indebted to the plaintiff. One of the officers of the plaintiff bank testified that at the time the loans were renewed he "understood" that the defendant owned the property in controversy. There was no evidence of either title or possession of the defendant as to the town lots levied upon. One of the claimants testified that the deed above described was found, after the death of the wife, in the iron safe of the defendant in the wife's "little box" with the wife's individual papers. This deed was recorded on March 23, 1932. All of the claimants agreed with the defendant that he remain in possession of the 225 acres and manage and operate the lands as he pleased for life. A witness for the plaintiff, who was one of the witnesses to the deed upon which the claimants relied, testified as to its execution, but was unable to remember the date when it was actually executed, and he gave no estimate thereof. The defendant did not testify. The court directed a verdict for the claimants. The plaintiff's motion for new trial, assigning error on the direction of the verdict

and on certain special grounds, was overruled, and the plaintiff excepted.

1. A plaintiff in a common-law fi. fa. proves a prima facie case by proof of title in the defendant in fi. fa. before levy, before judgment, after judgment, or at time of levy. *Morgan* v. *Simms,* 26 *Ga.* 283; *Coleman & Burden Co.* v. *Rice,* 105 *Ga.* 163 (31 S. E. 424); *Stephens* v. *Southern Cotton-Oil Co.,* 147 *Ga.* 410 (94 S. E. 245).

2. In the trial of a statutory claim to land, interposed under the Code, § 39-801, to resist the levy of a fi. fa., it is not necessary, in order to show fraud in the deed to the claimant, to have special pleading for that purpose. *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99 (127 S. E. 279), and cit.

3. Whenever a transaction is between husband and wife, and the creditors of the husband attack it for fraud, if the wife claim the property purchased or received from her husband, the onus is on her to make a fair showing about the whole transaction. Code, § 53-505; *Richardson* v. *Subers,* 82 *Ga.* 427 (9 S. E. 172); *Strickland* v. *Jones,* 131 *Ga.* 409 (62 S. E. 322); *Gill* v. *Willingham,* 156 *Ga.* 728 (4) (120 S. E. 108). The mere introduction of a conveyance from the husband to the wife would not shift the burden from her to the plaintiff, the burden being on her to show that the whole transaction was fair. *Simmons* v. *Realty Investment Co.,* supra. If the deed be to the wife for life or widowhood, with remainder to the children, and the wife be dead, the onus is on the children to the same extent.

4. Transactions between husband and wife and near relatives, to the prejudice of creditors, are to be closely scanned and their bona fides clearly established. *Booher* v. *Worrill,* 57 *Ga.* 235; *Smith* v. *Welborn,* 75 *Ga.* 799; *Gray* v. *Collins,* 139 *Ga.* 776, 780 (78 S. E. 127).

5. Possession retained by the vendor after an absolute sale of real property is prima facie evidence of fraud, which may be explained. *Stephens* v. *Southern Cotton-Oil Co.,* supra. The sufficiency of the explanation of such possession is for the jury's determination. *Kelly* v. *Stovall,* 138 *Ga.* 186 (75 S. E. 6).

6. "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evi-

dence in his power, relies on that which is weaker and inferior in nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." Code, § 38-119. In *Hoffer* v. *Gladden*, 75 *Ga.* 532 (5), it was said, "Failure to produce testimony is a badge of fraud, where the bona fides of the transaction is in issue, and witnesses who ought to be able to explain it are in reach." Cf. *Cotton States Fertilizer Co.* v. *Childs*, 179 *Ga.* 23 (174 S. E. 708).

7. Conveyances may be fraudulent as to subsequent creditors as well as existing creditors, if made with the intent to defraud. *First National Bank of Cartersville* v. *Bayless*, 96 *Ga.* 684 (23 S. E. 851); *Lane* v. *Newton*, 140 *Ga.* 415 (2) (78 S. E. 1082); *Almand* v. *Thomas*, 148 *Ga.* 369 (6) (96 S. E. 962); *Cohen* v. *George*, 149 *Ga.* 701 (101 S. E. 803); *Duncan* v. *Freeman*, 152 *Ga.* 332, 334 (110 S. E. 5); *Sullivan* v. *Ginsberg*, 180 *Ga.* 840, 845 (181 S. E. 163).

8. Upon application of the foregoing rulings to the evidence, the judge erred in directing a verdict in favor of the claimants as to the 105 acres of land levied on.

9. While the omission of the claimant to move to dismiss the levy as to the town lots on the conclusion of the plaintiff's evidence, and the introducing of evidence by the claimants in answer to that of the plaintiff, are, together or separately, no admission that the plaintiff's evidence is prima facie sufficient as to the lots (*Smith* v. *Hare*, 58 *Ga.* 446 (3)), and the direction of the verdict finding the town lots not subject may have been proper, since the case goes back for another trial, and since it does not appear in the instant case whether the plaintiff or the claimants opened and concluded the argument, under the circumstances we leave open the question whether the town lots are subject to the levy.

10. A deed reciting, "In witness whereof the said party of the first part has hereunto set his hand and affixed his seal, and delivered these presents, the day and year above written," and conveying a life-estate and remainder, which was found in the safe of the grantor in the "little box" of the grantee of the life interest, the grantor and such grantee being husband and wife, is admissible in evidence without further proof of delivery. See *Hill* v. *Merritt*, 146 *Ga.* 307 (2) (91 S. E. 204).

11. Where in a claim case one of the issues is whether a deed by the defendant to his wife for life or widowhood, with remainder to the children of the defendant, was delivered to the wife, since deceased, testimony by one of the children claimants that the witness knew of the deed because the mother told her about it, was hearsay and inadmissible. See *Hollis* v. *Sales*, 103 *Ga.* 75 (3) (29 S. E. 482). Such testimony is not admissible under the Code, § 38-309, relating to declarations of deceased persons against their interest.

12. For the reasons above stated, the judge erred in overruling the plaintiff's motion for new trial. Grounds of the motion not herein dealt with are without merit.

*Judgment reversed. All the Justices concur.*