### HODGES *v.* TATTNALL BANK.

ATKINSON, Presiding Justice. 1. "On the trial of a statutory claim to land under the Civil Code of 1910, § 5157 [Code of 1933, § 39-801], interposed to resist the levy of a distress warrant upon certain described land as the property of a husband, it is not necessary, in order to show fraud in a deed from the husband to the wife (claimant), to have special pleadings for that purpose." Citing *Harris* v. *Anderson,* 149 *Ga.* 168 (2) (99 S. E. 530); *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5); *Fouts* v. *Gardner,* 157 *Ga.* 362 (1 *a*) (121 S. E. 330); *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99 (127 S. E. 610).

2. "In a claim case where the wife sets up title to the property levied upon, under a deed from her husband, and his creditor attacks the same upon the ground that it is a fraudulent conveyance intended to hinder, delay, and defraud such creditor, the law does not put upon the creditor the burden of establishing fraud in the conveyance. On the contrary, it puts the burden upon the husband and wife. They must show that the transaction as a whole is free from fraud." *Gill* v. *Willingham,* 156 *Ga.* 728 (9) (120 S. E. 108), citing Code of 1910, § 3011 [1933, § 53-505]; *Richardson* v. *Subers,* 82 *Ga.* 427 (9 S. E. 172); *Strickland* v. *Jones,* 131 *Ga.* 409 (62 S. E. 322); *Brand* v. *Bagwell,* 133 *Ga.* 750 (66 S. E. 935); *Gray* v. *Collins,* 139 *Ga.* 776 (78 S. E. 127); *Mitchell* v. *Mixon,* 148 *Ga.* 596 (97 S. E. 528). See *Simmons* v. *Realty Investment Co.,* supra.

3. The evidence authorized the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

*H. H. Elders,* for plaintiff in error. *J. V. Kelly,* contra.