EDWARDS *et al. v.* UNITED FOOD BROKERS INC.

No. 14310.   NOVEMBER 12, 1942.

*Mitchell & Mitchell,* for plaintiffs in error.

*Noah J. Stone,* contra.

JENKINS, Justice. ■ Two of the defendants made a motion, in the nature of a general demurrer, to dismiss the action, and they excepted to the denial of this motion.

(*a*) There is no merit in the motion in this court to dismiss their writ of error on the ground that the third defendant in the trial court was not made a party to the bill of exceptions. "Where a petition is filed against several defendants, and a separate demurrer thereto by one or more of them is overruled, the remaining defendants need not be made parties to, or be served with a copy of, a bill of exceptions assigning as error the overruling of the demurrer mentioned." *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64, 67 (169 S. E. 491), and cit.

(*b*) As to the second ground of the motion to dismiss the writ of error, as showing no legal service or acknowledgment of service, there is an entry on the bill of exceptions itself, with a return by a deputy sheriff of the county where the case is pending, that he served the named defendant corporation by serving its named "manager" by "leaving a copy of the within writ and process with him at the office and place of doing business of said corporation," in said county. Under the Code, § 6-911, as to service of a bill of exceptions on the opposite party or his attorney or an acknowledgment of service, such service may be effected by the sheriff of the county where the case was tried or his deputy, and his return entered on the original bill of exceptions will be sufficient evidence of service. *Head* v. *Bridges,* 72 *Ga.* 30, and cit.; *Elrod* v. *Black,* 148 *Ga.* 194 (96 S. E. 180). The return of service on the cor-

poration by serving its manager was sufficient. Code, § 22-1101. Even if any additional showing were necessary as to the person served being an "agent" of the corporation, service upon whom would bind the corporation, it appears from its pleadings that he verified them in its behalf as its "agent." The reference in the return on the bill of exceptions itself as to the service of a copy of the "within writ and process" will be construed as referring to the bill of exceptions, since the return was entered thereon; and since a bill of exceptions, duly tendered to the judge, with a proper certificate, operates as the only required writ of error; and since the term "process" is sufficiently broad to include a bill of exceptions or writ of error. See, in this connection, Code, § 6-1101; *Masland* v. *Kemp,* 70 *Ga.* 786 (6); *Savage* v. *Oliver,* 110 *Ga.* 636, 639 (36 S. E. 54).

■ On the sworn petition of a creditor against a debtor, his wife, and his bookkeeper, attacking alleged fraudulent transfers by the debtor to his wife, the judge, acting on the sworn petition, though without notice to the defendants, granted a restraining order and a temporary receiver, and set the case down for hearing ten days later. At this interlocutory hearing he overruled the motion to dismiss the petition, in the nature of a general demurrer, and a motion to dissolve the receivership, and in the same judgment ordered that the receivership continue until the further order of the court. There is no exception to that portion of the order continuing the receivership, or to any restraining order or injunction; and the exceptions of the plaintiffs in error are limited to the overruling of the motion to dismiss the petition, as provided in the judgment on the interlocutory hearing, and to the previous order appointing a temporary receiver ex parte. Accordingly, since the continuance of the receivership at the interlocutory hearing, which in effect granted a receiver (*Ramsey* v. *Ramsey,* 175 *Ga.* 685, 688, 165 S. E. 624), rendered moot the question sought to be raised as to the grant of a receiver ex parte in the previous order (*Grizzel* v. *Grizzel,* 188 *Ga.* 418, 422, 3 S. E. 2d, 649), no question is presented by the bill of exceptions for determination, except as to the sufficiency of the petition against the motion to dismiss.

■ Under the Code, § 28-201, where a debtor makes a fraudulent transfer of property or choses in action, which is voidable as

to creditors, the property in the hands of the fraudulent grantee is held by him in trust for the creditors of the fraudulent grantor; and if the property has been converted into money, the money is impressed with the same trust, and the fraudulent grantee will be compelled in equity to account for the same. *Beasley* v. *Smith,* 144 *Ga.* 377 (3), 380 (87 S. E. 293); *Young* v. *Wilson,* 183 *Ga.* 59, 69 (187 S. E. 44), and cit. Every voluntary deed or conveyance, made by a debtor insolvent at the time of its execution, being thus invalid (Code, § 28-201 (3); *Moncrief Furnace Co.* v. *Northwest Atlanta Bank,* 193 *Ga.* 440, 19 S. E. 2d, 155), and an insolvent person being precluded from making a valid gift to the injury of his existing creditors (Code, § 48-110), such a transaction may be set aside, and the assets thus transferred subjected to debts existing at the time of the transfer, or to subsequent debts if there was an intent to defraud as to them. *Lane* v. *Newton,* 140 *Ga.* 415 (2), 420 (78 S. E. 1082); *First National Bank of Cartersville* v. *Bayless,* 96 *Ga.* 684 (23 S. E. 851); *State Banking Co.* v. *Miller,* 185 *Ga.* 653 (7), 656 (196 S. E. 47).

(*a*) "When a transaction between husband and wife shall be attacked for fraud by the creditors of either, the onus shall be on the husband and wife to show that the transaction was fair" (Code, § 53-505), so that it shall be made to appear that the transaction as a whole was free from fraud, and the bona fides must be clearly established. *Parker* v. *Harling,* 189 *Ga.* 224 (2, *a*) (5 S. E. 2d, 755), and cit.; *State Banking Co.* v. *Miller,* supra; *Dwight* v. *Acme Lumber & Supply Co.,* 189 *Ga.* 473 (3, *a*), 475, 477 (6 S. E. 2d, 586).

(*b*) Even though, for the reasons stated, the exceptions present no question as to the right of the judge to grant a temporary receiver at the interlocutory hearing, or to do so ex parte when the petition was filed, the question as to the right to such a receivership *under the pleading* is raised by the attack on the petition, made in the motion to dismiss, on the ground that the petition did not state sufficient facts to authorize the appointment of a receiver. The appointment of receivers, like the granting and continuing of injunctions, should be "prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to" (Code, §§ 55-108, 55-303); but such matters "always rest in the sound discretion of the judge, according to the circumstances of each

case" (§ 55-108) ; and "Equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested. Under extraordinary circumstances, a receiver may be appointed before and without notice to the trustee or other person having charge of the assets" (§ 55-305). *Dixon* v. *Tucker,* 167 *Ga.* 783, 784 (146 S. E. 736) ; *Crockett* v. *Wilson,* 184 *Ga.* 539, 542 (192 S. E. 19). Thus, if the danger of dissipating assets before an interlocutory hearing can be had is great, the court in the exercise of a sound discretion may, without notice, grant a temporary restraining order or appoint a temporary receiver in order to preserve the status until the interlocutory hearing. *Young* v. *Hamilton,* 135 *Ga.* 339, 345 (69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1912A, 144) ; *Jones* v. *Dougherty,* 10 *Ga.* 273 (2), 281; *Williams* v. *Jenkins,* 11 *Ga.* 595; *Johns* v. *Johns,* 23 *Ga.* 31 (3), 36. Did the petition allege a cause of action as to a temporary receivership or other relief sought, under the averments and the preceding rulings?

(c) "An equitable petition is not subject to dismissal on general demurrer, if it states a cause of action as to any equitable or legal relief prayed." *Greene* v. *Kelly,* 193 *Ga.* 675, 679 (19 S. E. 2d, 718), and cit. Under this rule, the preceding holdings, and the facts alleged, the petition stated a cause of action, good at least in part as to the relief prayed, and therefore was not subject to the motion to dismiss in the nature of a general demurrer. A cause of action was stated for setting aside of the alleged fraudulent transfers from the debtor husband to his wife, for grant of a restraining order and injunction, for the appointment of a receiver, accounting and judgment against the debtor for the amount due to the plaintiff creditor. Under the allegations as to a commingling of assets transferred by the husband to the wife, with other assets derived by the wife from continuing the husband's business, and the alleged insolvency of both parties, a cause of action for the preservation of such assets by a receivership was shown. In the absence of any special demurrer, the fact that some of the relief prayed might not be grantable under the averments, such as personal judgments against the wife and the debtor's book-

keeper for the husband's debt, would not render the petition subject to the motion to dismiss.

*Judgment affirmed. All the Justices concur.*