23876. POWELL v. GRIMES et al.

SUBMITTED JANUARY 10, 1967—DECIDED JANUARY 19, 1967.

*Cohran & Venable, Larry Cohran, James A. Venable,* for appellant.

*Walter V. Beasley, Harold Sheats,* for appellees.

MOBLEY, Justice. An execution in favor of Frances Powell against James Arthur Powell was levied on certain real property, the entry of levy reciting that the said real estate was levied on as the property of the defendant in fi. fa. Thereafter, Mrs. Clara B. Powell, appellant, brought her petition seeking to enjoin the sale of the property to satisfy the fi. fa., alleging she was the owner of the property and not James Arthur Powell, defendant in fi. fa. The issue was tried by a jury, who found that the property was that of the defendant in fi. fa. and subject to the levy. Appellant filed a motion for new trial on the general grounds which was denied. The appeal is from that judgment. The enumeration of error is that the verdict was without evidence to support it, contrary to the evidence, and contrary to the principles of justice and equity.

The sole question is whether the evidence is sufficient to sup-

port the verdict. The property was purchased by appellant and title thereto taken in his name at a time when the execution in favor of appellee was on the general execution docket. Therefore, the property came under the lien of the appellee at that time. Thereafter, the husband transferred the property by deed to his wife. Appellant sought to show that while title was taken in her husband's name she in fact furnished the purchase money and that title was taken by her husband in his name without her knowledge and consent. The issue was whether the wife's contention was correct, or whether the husband, after learning that the fi. fa. was a first lien on his property, transferred the property to his wife to avoid the lien created by the fi. fa.

"When a transaction between husband and wife shall be attacked for fraud by the creditor of either, the onus shall be on the husband and wife to show that the transaction was fair." *Code* § 53-505. Here, the burden is upon the wife to prove the absence of fraud. *Gill v. Willingham,* 156 Ga. 728 (9) (120 SE 108); *Simmons v. Realty Investment Co.,* 160 Ga. 99 (127 SE 279). As stated in *Arrington v. Awbrey,* 190 Ga. 193, 198 (8 SE2d 648) as to a transaction between husband and wife: "The confidential and private relationship of such parties affords opportunity for the concealment of fraudulent intentions and transactions. When the court is called upon to determine whether or not fraud exists, every circumstance that is illuminating on this question is a proper matter for the consideration of the jury. The Code, § 37-706, declares that 'fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence.' The law recognizes that in every case slight circumstances must be considered, and may be sufficient to establish the existence of fraud; and recognizing that in transactions between husband and wife fraud might be so completely concealed that creditors could not expose it, and in order that the public might not suffer from such concealment, the law imposes upon the husband and wife the duty of affirmatively establishing their good faith when creditors attack such transactions for fraud. Giving effect to the letter and spirit of the law touching this important question,

the claimant in this case is charged with the legal duty of presenting to the jury a clear and satisfactory showing of good faith."

While Clara Powell and her husband testified that the property was purchased by her, that she gave her husband $250 in cash to put up as earnest money, and that she furnished the balance of the purchase price of $2,500 in cash which she turned over to her husband to close the transaction, and that he, without her knowledge or consent, took title in his name, and Mrs. Lancaster, the owner, testified that she sold the property to Mrs. Powell, there is conflicting evidence, inconsistent with their testimony. The closing statement made by Lawyers Title & Insurance Company, who insured the title and closed the transaction, showed James A. Powell, as purchaser, and showed that $500 earnest money was paid the seller leaving a balance of $2,250 due on the principal. While the wife testified she did not have the money in the bank at the time she borrowed the $250, in an affidavit she swore that "in order to get the Lancasters to hold the same (property) and before she could get to the bank to get the money she borrowed $250 from P. Carl Powell."

The issue was one for the jury, and the evidence was sufficient to authorize the jury to find that the appellant had not carried the burden of proving good faith in the transfer of the property by her husband to her.

*Judgment affirmed. All the Justices concur.*