WARD v. MORRIS, administrator.

1. The court did not err in charging the jury as follows: "The burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case by showing the factum of the will, that is, that she made the will in due form of law, and that at the time of its execution the testatrix apparently had sufficient mental capacity to make it, and, in making it, acted freely and voluntarily. When the propounder shows these things that I have just told you about, that makes out a prima facie case; and when this is done, the burden of proof shifts to the caveator to show undue influence or mental incapacity to make the will, at the time it was made." *Slaughter* v. *Heath*, 127 *Ga.* 747 (9) (57 S. E. 69, 27 L. R. A. (N. S.) 1).

2. The court did not err in charging the jury as follows: "Incapacity to contract may coexist with the capacity to make a will." this being merely one sentence in section 3842 of the Civil Code of 1910. The criticism was that the capacity of the testatrix to make contracts was not in issue, and that the court nowhere charged what mental capacity was necessary to make a contract, and nowhere charged the distinction between the capacity to contract and the capacity to make a will. If an elaboration had been desired on the subject of the capacity to make a contract and the distinction between capacity to contract and capacity to make a will, a written request should have been duly submitted.

3. The court did not err in charging the jury as follows: "Honest persuasion or intercession to procure a will to be made in his favor would not amount to the exercise of undue influence on the part of John F. Ward. If you find that John F. Ward, by honest intercession or persuasion, sought to have his sister, Miss Martha A. Ward, make a will in his favor, that in itself would not amount to undue influence, and the will should not be set aside on that account alone." *DeNeiff* v. *Howell*, 138 *Ga.* 248 (6) (75 S. E. 202); *Ricketson* v. *Ricketson*, 151 *Ga.* 540, 544 (2) (107 S. E. 522).

4. The court did not err in refusing to admit in evidence a former will executed by the testator on May 17, 1904, the same having been revoked by the will sought to be probated, dated July 4, 1917.

5. The court did not err in refusing to permit witnesses on behalf of the caveator to testify what two witnesses swore on a former trial of the case, such evidence being offered as a whole, and a portion thereof being inadmissible.

6. The evidence authorized the verdict. This is conceded by the plaintiffs in error.

No. 2782. MAY 15, 1922.

Appeal from probate of will. Before Judge Wright. Floyd superior court. July 19, 1921.

*Denny & Wright,* and *M B. Eubanks,* for plaintiff in error.

*Maddox & Doyal,* contra.

GILBERT, J. 1-3. Except the fourth and fifth, none of the headnotes require elaboration.

4. One ground of the motion for a new trial complains that the court erred in excluding from the evidence a former will executed with the formalities required by law on May 17, 1904, the will sought to be probated having been executed on July 4, 1917. The caveat was based on the ground that the testatrix did not have testamentary capacity to make a will, and that she was induced to make the purported will by fraud and undue influence of John F. Ward, the original propounder,. now deceased,. who was the sole beneficiary to the exclusion of other equally near relatives. The general rule stated in 1 Schouler on Wills etc. (5th ed.), 294, is that, in connection with other proof of fraud and undue influence, declarations made at different times and at different intervals down to the making of the will, which disclose a long-cherished purpose of disposing of his estate quite differently from what the will provides as propounded, or statements showing dislike or affection for the natural objects of his bounty or for those favored in the alleged will, are admissible in evidence. As stated in 3 Wigmore on Evidence, § 1735, " these statements may be found in oral utterances, in letters, in the draft of a will, or instructions to an attorney, or in any other form." Hughes *v.* Hughes, 31 Ala. 519. In the present case the caveator, E. W. Ward, was not a beneficiary under either will; therefore, if the court had admitted the evidence, it would have shown that the mind of the testatrix had undergone no change in regard to him. The propounder, John F. Ward, was a beneficiary under both wills. He was the sole legatee in the latter will, inheriting all of the property of the testatrix after the payment of debts and burial expenses. In the former will a portion of the real estate of the testatrix was devised to the propounder with the proviso that should he die without children the property was to descend to the children of another brother, Jos. H. Ward, the other portions of the property being devised to these children and the wife of Jos. H. Ward, but neither Jos. H. Ward nor his wife nor his children have joined in the caveat to contest the latter will. As above stated, only E. W. Ward, who was not a beneficiary in either will, is making the contest. There is an additional reason why the refusal to admit the former will in evidence is not reversible error. The evidential value of the will, if it had any, would have weighed as strongly in favor of the propounder as for the caveator, and perhaps stronger.

It appears that in the former will, executed thirteen years previously to the latter will, the testatrix bequeathed to John F. Ward, the propounder, practically all of her estate for life, with remainder to his children, but if he died without children the property, after his death, should go to the children of Joseph H. Ward. The only substantial difference between the latter will and the former is that in the latter the property is left to John F. Ward absolutely in fee simple, without any conditions upon his dying without children. The caveator, E. W. Ward, is not mentioned in either will. Setting aside the second will would still leave the caveator without an interest in the estate. We have reached the conclusion, therefore, that the exclusion of the former will by the court in this case was not harmful to the movant, and will not require a reversal of the judgment overruling the motion for a new trial.

5. Two grounds of the motion for a new trial will be considered together. One ground complains that the court erred in refusing to permit M. B. Eubanks, attorney for the caveator, to testify to the following evidence of E. W. Ward and J. H. Ward, had on a former trial of this case before the ordinary of Floyd County, on the trial wherein the judgment was rendered from which the appeal in the present case was taken, the issue being the same and the parties being the same as upon the present trial, to wit: " I was present on the trial of the present case of Ward v. Ward, involving the present will and caveat, before the court of ordinary of said county. On that trial Mr. Joseph H. Ward and Mr. E. W. Ward testified in regard to a conversation had with Mr. John F. Ward. I was representing Lige Ward, the caveator. Mr. Maddox was representing the propounder, Mr. John F. Ward. I remember the substance of the testimony of Mr. Joe Ward and Mr. Lige Ward on that occasion, in reference to the subject I have mentioned. Mr. Joe Ward testified that he went to the home of his brother John and his sister Margaret, on the 23rd of June, and spent the night there, that the next day when he went to leave there he and his brother Lige carried Mr. John Ward out a short distance from the house and insisted on his getting a trained nurse to wait on Miss Martha during the balance of her illness, that Mr. John Ward refused to accede to this request, that they insisted, and Mr. John Ward became somewhat enraged and ordered Mr. Joe Ward to leave the place and never put his foot on it again, stating to him,

' You all are over here trying to fix up some way to get what Martha has,' and added, ' I propose to have papers signed up so you will never get the benefit of a cent she has.' They both stated that Mr. Blaylock and a negro man whose name I do not now remember were in hearing at the time. Each witness, Joe and Lige, testified the same thing. John Ward was present at the time and heard that testimony delivered by them, and he did not go on the stand and deny that testimony or the truth of it." In the other ground error is assigned on the refusal of the court to permit J. H. Ward, a brother of the caveator and of the propounder, to give in evidence the same testimony quoted above. The objection to this testimony was that it was hearsay and that the propounder was under "no obligation and had no opportunity to rebut it." Movant argues that the testimony was material and admissible, because John F. Ward, the propounder, was in life at the time the testimony was admitted in the former trial, but had died prior to the time of the trial of the case in the superior court, as it appears in the present record. Furthermore, that John F. Ward was present in court and heard the testimony when delivered, and had ample opportunity to cross-examine the witness and opportunity to go on the stand and testify that said testimony was not true, if he differed with the witness as to what occurred, and that he sat in silence when the circumstances called upon him to deny the testimony if he could do so. It is further argued, that, on account of the death of John F. Ward, " the testimony of the witnesses who had become disqualified by reason of the death of John Ward, if such death did disqualify Joe and Lige Ward as witnesses to conversations and transactions had with the deceased, John Ward, could, under the law, be proved by any witness who heard their testimony and who did remember the substance of such testimony." It is contended by movant that such evidence is an exception to the general rule against hearsay evidence, by reason of the fact that, when the witnesses swore on the former trial, John F. Ward, the propounder, was present, heard the testimony, and did not go on the stand and deny the testimony or the truth of it. This contention has been settled adversely to the movant by this court in the case of *Thompson* v. *Davitle, 59 Ga.* 472 (7). In that case the question arose on the trial of a caveat to a will, as in the present case. One of the grounds of the caveat was that the

testator did not execute the will freely and voluntarily, but under undue influence, persuasion, and over-importunity. The court was requested to charge the jury " that if a party has it in his power to deny or rebut evidence which tends to disprove his case, and does not do so, the presumption is that such evidence is true, . . the propounder, Jacob S. Davitte, being in court and attending the trial but not testifying in the case." In the opinion, on p. 480, Bleckley, J., speaking for the court, said: " We approve the denial of this request, for two reasons: The first is, that so precise and definite a presumption as that pointed out, namely, that the unanswered evidence is true, is not drawn by the law itself, nor enjoined upon the jury; and the second is, that the request was based on the assumption, that because the propounder was present and competent to testify, he was bound to do so, or else suffer by his failure to offer himself as a witness in his own case. We think, on the contrary, that it is becoming, and to be commended, in a party not to testify, if he can avoid it without positive injury to the cause of truth and justice. As long as he is unheard, there should be no presumption that his silence is counseled by prudence rather than by modesty. While his case should not gain by his forbearance to testify, neither should it lose by it. Public policy forbids that a suitor should feel constrained to mount the witness-stand for no purpose but to let the jury know that he has something to say in his favor, or to show them that he can face the terrors of a cross-examination without breaking down. The encouragement of anything like competition in swearing would be sure to breed perjury. Let those testify in their own behalf who voluntarily present themselves; but let no uncharitable imaginations light upon those who stay away, merely because they might swear if they would." There being no presumption or inference adverse to the propounder by reason of his failure to go upon the witness stand on the former trial, there is nothing to take the testimony out of the rule barring hearsay evidence. The testimony sought to be proved by M. B. Eubanks and J. H. Ward, quoted above, was offered as a whole. A portion of it, as we have ruled above, was inadmissible, to wit: " John Ward was present at the time and heard that testimony delivered by them, and he did not go on the stand and deny the testimony or the truth of it." Under the familiar rule that where testimony is offered as a whole, a portion

of which is inadmissible, the rejection of the whole is not reversible error, these grounds of the motion show no cause for the grant of a new trial.          *Judgment affirmed.    All the Justices concur.*