POPE *v.* BENNETT, superintendent of banks.

1. There is no provision of law authorizing this court, on review of a judgment granting or refusing a new trial, to consider evidence that was introduced at the trial but was omitted from the original brief of evidence and never became a part of the record in the motion for a new trial, notwithstanding the attorneys of record send to this court a written agreement stating that the evidence was introduced at the trial but by inadvertence was omitted from the brief of evidence, and consequently was not included in the transcript of the record forwarded to this court. Testimony sent to this court under those circumstances cannot be considered.

2. The evidence in this case involving transactions between husband and wife made an issue for the jury, and the finding approved by the trial judge will not be disturbed by this court.

No. 3696. JANUARY 19, 1924.

Claim. Before Judge Kent. Laurens superior court. February 24, 1923.

An execution in favor of T. R. Bennett, superintendent of banks, was levied upon certain lands described as the property of one of the defendants in execution, J. W. Pope. His wife, Mrs. Celia Pope, filed her claim to the property. She testified that the land levied upon was conveyed to her by her husband, J. W. Pope, on June 4, 1921, and she paid him $550 in cash for it, and this was all the land was worth. She paid the money in good faith; she bought the land because her husband wished to sell it; and she had been in possession ever since. On cross-examination she testified

she knew nothing about the debt that J. W. Pope and Mrs. L. F. Pope were due to the Bank of Dublin. The money which she paid she had in cash, and she had saved it out of money that she had made since she was married. Her husband, J. W. Pope, was not able to work much, because he was sick and had had pneumonia. Claimant made the money working in the fields and picking cotton, chopping cotton, and other work, and was helped by her boys. She worked on other people's farms. Claimant had been married twenty-five years, and had saved $1500 in cash, and out of this sum paid $550 to her husband for the property. Her husband did not object to her receiving money for work which she did. Claimant saved the money in order to provide against old age. Her husband did not know that she had the money, and she had never told him, and she kept the money in the house. She was not present when the deed was made, but her husband had the deed drawn for her and brought it home and put it in his trunk and kept it there until he brought it and had it recorded. He did not deliver the deed to claimant when he brought it home. Her husband had no property until he got this specific land of forty-two acres, which was left him from his father's estate in 1919; and claimant and her children had worked this land and made some of the money she had saved, and they supported the family. They did not work any other land than this one-horse farm. The children who helped to make the money referred to were the children of the claimant and her husband, J. W. Pope; and the claimant had never before owned any property.

One witness further testified for the plaintiff that he had seen J. W. Pope working in the fields, and had also seen Mrs. Celia Pope, who was a smart woman. The deed was recorded on June 9, 1921. The original execution was introduced, dated July 5, 1922, showing the principal sum to be $110, and the further sum of $15.40 interest, which besides costs and attorneys' fees were to be collected under the execution.

The following additional testimony of the claimant was sent to this court with the record, under a stipulation between the attorneys of record that it was introduced at the trial but was omitted from the original brief of evidence, and consequently was not included in the official copy of the brief of evidence transmitted to this court: The claimant further testified that she also bought a

tract of land from her husband's sister for $950 cash, and at the time she made this purchase her sister-in-law was due the plaintiff $108 principal on a note signed by L. F. Pope, her said sister-in-law Minkie and J. W. Pope, for which amount judgment was obtained July 5, 1922. Claimant made this purchase on March 15, 1922, and the deed was recorded September 18, 1922; and her husband looked after the transaction for her and kept the deed until it was delivered for recording, and acted for her in the transaction. Claimant's sister-in-law lived 200 yards from her at the time of the purchase, and claimant had no knowledge when she purchased the land that her sister-in-law was due the plaintiff anything.

*Adams & Camp,* for plaintiff in error.

*W. C. Davis* and *George L. King,* contra.

ATKINSON, J. 1. The ruling announced in the first headnote does not require elaboration.

2. "When a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair." Civil Code (1910), § 3011. It appears in this case that the claimant alleges that she bought the land after the creation of the debt to the plaintiff in execution, and paid for it from money which she had accumulated $550, and that she had accumulated exactly $1500, which she kept in her house, and her husband knew nothing about her possession of this money. No details are given as to the persons by whom she was paid the money or the dates of their payment. While claimant alleges she did not inform her husband that she possessed the money, at the same time she had her husband to manage the transaction of purchase of the property at a time when he was in debt, and the land levied on was the only property her husband owned.

Under the section of the Code above cited, and the authorities thereunder, we are unable to disagree with the trial judge who approved a verdict holding the property subject. We think an issue was made for the jury to pass upon, and the only grounds that are urged for a new trial are the general ones. *Gill* v. *Willingham,* 156 *Ga.* 728 (120 S. E. 108).

> *Judgment reversed. All the Justices concur.*

RUSSELL, C. J., and HILL, J., concur specially.