## McLAIN v. GEORGIA STATE BANK.

1. "When a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair." The controlling issue in this case being as to whether the transaction between the husband and wife was fair, the jury were authorized under the evidence to find that the deed from the husband to the wife was made for the purpose of hindering, delaying, and defrauding the creditors of the husband.

2. The charge of the court excepted to was not erroneous for any reason assigned.

3. The court did not err in refusing a new trial.

No. 5792. SEPTEMBER 8, 1927.

Claim. Before Judge Roop. Carroll superior court. November 27, 1926.

*Beall & Beall,* for plaintiff in error. *Boykin & Boykin,* contra.

HILL, J. The Bank of Bowdon held two notes signed by J. A. McLain and J. M. McLain, one dated April 10, 1923, for $68.90, due November 1, 1923, and one for $502.95, dated April 10, 1923, due November 1, 1923. The Bank of Bowdon after notice (dated November 1, 1923) of intention to sue on the notes and claim attorney's fees, brought suit on them to the December term, 1923, of the city court of Carrollton. No answer was filed, and judgment was taken thereon at the March term, 1924, for principal, interest, attorney's fees, and costs. Execution was levied on certain described land as the property of J. M. McLain. Mrs. N. E. McLain filed a claim to the land. J. M. McLain was adjudicated a bankrupt on April 20, 1926. After said judgment the Bank of Bowdon was merged into the Georgia State Bank. After the levy of the fi. fa. and the filing of the claim, the Georgia State Bank filed its equitable petition in aid of the levy, setting out that the transfer of the property in controversy was made to Mrs. N. E. McLain by J. M. McLain, her husband, on November 22, 1923, pending the suit on the notes, and was without consideration and was for the purpose of hindering, delaying, and defrauding his creditors, especially the petitioner, which intention was known to Mrs. McLain; that credit was extended on the faith and representations of J. M. McLain to the Bank of Bowdon that he owned in fee simple the land levied upon, and that it was unincumbered; that the transfer of the property to his wife was the result of a

Fraudulent Conveyances, 27 C. J. p. 488, n. 68; p. 643, n. 78, 79; p. 793, n. 62; p. 821, n. 39; p. 828, n. 12; p. 833, n. 46.

conspiracy between them, and was an effort on his part to place his property beyond the reach of his creditors; and that the land is worth $2,000 to $2,500. Mrs. McLain filed her answer, denying the material allegations of the petition, and averring that the transfer of the property was bona fide and made in payment of a debt due her by her husband. The case was submitted to a jury, who returned a verdict finding the property subject. Mrs. McLain filed a motion for new trial, which was overruled, and she excepted.

On the trial counsel for claimant stated to the court: "I do not think there is anything to try in the case except as to whether or not there was a bona fide transaction. It looks like we agree on every thing except that one thing." The case went to the jury on that issue. The court instructed the jury as follows: "Now, gentlemen, you look to the evidence and see whether or not there was any debt existing between Mrs. McLain and J. M. McLain, the burden being on them to show that if there was such a debt he was owing her. If there was any debt, gentlemen, you may look to the circumstances connected with the transaction which the defendants claim was had. You may look to see when the debt was made, and you may consider whether or not it was barred by the statute of limitations; and the court instructs the jury that an open account is barred after four' years; and in determining the amount of the debt, if there is such a debt, the court instructs the jury that an open account bears interest at the rate of seven per cent. per annum." It is insisted that this instruction was contrary to law, was prejudicial to defendants' case, and was such error as to require the grant of a new trial. It is further insisted that the court should have instructed the jury, without request, that "whenever a husband acquires the separate property of his wife, with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him; and as long as the husband is in possession of the property, using it for the wife's benefit and recognizing her ownership, no lapse of time will bar the wife from asserting her title or calling the husband to an accounting." It is also insisted that the court committed error in his instruction to the jury, in laying too much stress upon the plaintiff's contentions, thereby disparaging the defendants' conten-

tions. We are of the opinion that the charge complained of is not subject to the criticisms made by the plaintiff in error. The sole issue in the case tried before the jury was as to whether the transaction between the husband and the wife, in which the husband executed a deed to the wife to the land in controversy pending the litigation against the husband, was bona fide. The jury found in effect that the transaction was not in good faith, but was entered into for the purpose of hindering, delaying, and defrauding the creditors of the husband; and we are of the opinion that the evidence authorized the jury so to find. A. F. Fleming, sworn for the plaintiff, testified, among other things: "I was connected with the Bank of Bowdon, Bowdon, Georgia, before its assets were transferred to the Georgia State Bank. It bought out the Bank of Bowdon, and this fi. fa. went over to them. The two notes represented the money obtained. Mr. J. A. McLain and J. M. McLain, J. A. McLain being the son of J. M. McLain, borrowed money from the Bank of Bowdon, and both signed the notes as principal. When I made this loan Mr. McLain told me he owned this property. Mr. J. M. McLain told me he owned 175 acres of land, and 100 acres was clear. The First National Bank of Carrollton had a loan on 75 acres. That was the statement he made as to that property; the 100 acres was clear. The land is in Carroll County. The land in controversy is the land he had reference to. As to how long he had been living on it to my knowledge, I answer it has been something like eight or ten years since I first knew him; I am not sure about it. After he made that representation to me I made the loan on the faith of that representation he was the owner of this land." It is true that J. M. McLain denied that he spoke to Mr. Fleming the day he borrowed the money, and also true that Mrs. McLain testified to the bona fides of the transaction; but the jury were authorized, from the evidence in the record, to find the property subject to the fi. fa. levied upon it.

"When a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction is fair." Civil Code (1910), § 3011; see also § 3224; *Gill* v. *Willingham,* 156 *Ga.* 729 (4) (120 S. E. 108); *Pope* v. *Bennett,* 157 *Ga.* 357 (121 S. E. 333). "A conveyance by husband to wife, made pending suit against him,

and only a few days before the rendition of judgment, and leaving him nothing out of which payment of the judgment can be coerced, is prima facie fraudulent." *Booher* v. *Worrill, 57 Ga.* 235 (2). Pendency of suits against a debtor at the time of sale is a badge of fraud. *Barber* v. *Terrell, 54 Ga.* 146 (5); *Colquitt* v. *Thomas, 8 Ga.* 258 (7). "Transactions between husband and wife, to the prejudice of his creditors, are to be scanned closely, and their bona fides must be clearly established." *Booher* v. *Worrill,* supra. Applying the above principles to the facts of this case, the court did not err in refusing a new trial, for any reason assigned.

*Judgment affirmed. All the Justices concur.*