29810.   HOLTON *v.* DARBY BANKING COMPANY.

DECIDED JANUARY 27, 1943.

772

*Alfred Herrington Jr., N. G. Reeves,* for plaintiff in error.

*William T. Darby, B. P. Jackson,* contra.

FELTON, J. (After stating the foregoing facts.) The court erred in directing the verdict and in overruling the motion for new trial. The jury would have been authorized to find that the defendant purchased the property from the Darby Banking Company. Nothing else appearing, the statement in the bill of sale to secure debt that "this note is given covering deferred installments under bill-of-sale contract of even date" authorized the inference that "the bill of sale of even date" was between the bank as seller and the defendant as buyer, as it would be unusual, to say the least, to refer to a bill of sale from a stranger to the contract to the defendant. Under this view the inference was authorized that the parties dealing with the defendant were acting as agents of the bank. It is argued that Mr. Darby as an individual sold the property, and defendant borrowed money from the bank with which to pay him. There was no evidence to this effect. If the bill of sale was in fact between Darby and the defendant, his failure to produce it would not preclude him from prevailing in the case assuming that it was the defendant's duty to produce it. *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23 (174 S. E. 708). The

defense made should have been submitted to the jury under the evidence. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*