MERCANTILE NATIONAL BANK OF SAVANNAH *v.* STEIN *et al.*

ATKINSON, J. 1. The Mercantile National Bank of Savannah instituted an equitable suit against J. Stein and his wife, Pauline Stein, to recover a personal judgment against the husband for an amount alleged to be due by him to the bank, and to cancel a deed executed by the husband to the wife. The deed was alleged to be void as against creditors, upon two grounds: (a) That it was made in order to hinder, delay, and defraud creditors and avoid paying the indebtedness due to the petitioner. (b) That it was a mere voluntary deed by the husband, the effect of which was to render him insolvent. The judge charged the jury: "The bank attacks the deed upon the further ground that it was a voluntary conveyance. Now, a voluntary conveyance means one the consideration of which is not a valuable consideration; and therefore, in that connection, you will determine whether the consideration named in this deed, of love and affection, was the sole consideration. The consideration of a deed may always be inquired into. It is recited upon the face of this paper that for 'love and affection' this conveyance was made; and I charge you that if the deed was made in good faith, without any reasonable cause to suspect any bad intention on the part of Stein, any intention to delay or defraud creditors, and, even if there were such an intention on the part of Stein, if that intention was not known to his wife, then the conveyance would be a valid conveyance." Error was assigned upon this portion of the charge, on the ground that it was misleading and calculated to cause the jury to believe that, even though the deed was made for a voluntary consideration while the grantor was insolvent, they could not find against the validity of the deed unless it was made in bad faith and such bad faith was known to the grantee. *Held,* that the charge was not subject to this criticism. The assignment of error introduces insolvency, whereas the instruction given to the jury did not employ any such term. A solvent husband can make a voluntary conveyance of his property to his wife, if he does not thereby render himself insolvent, but, like any other conveyance, if it be made with the intention to delay, hinder, or defraud his creditors, it would be void. The court was dealing with this view of the case in giving to the jury the above instruction. Another phase of the case had reference to a voluntary conveyance of property by the husband to the wife when he was insolvent or when the conveyance would render him insolvent. A conveyance under those circumstances would be void as against creditors, regardless of the intention of the grantor in making it or the grantee

in receiving it. The court dealt with this phase of the case in further instruction in which the law applicable thereto was clearly and fully given. When the charge upon which error was assigned is considered in connection with its context, it was not erroneous.

2. The judge also charged: "It is contended upon the part of the bank that the value of this property conveyed to the wife was grossly in excess of the indebtedness alleged to have been due by her husband to her. Look and see what was the value of this property,—the market value of this property at the time this deed was made by Stein to his wife, Pauline. See what was the amount of the indebtedness; and in that you can consider, not only how long it has existed, for the purpose of throwing light upon the transaction, but you can also consider how long it was due, with a view of determining the amount of interest that might have accumulated upon it, if interest did accumulate; you will therefore take into consideration, first, the market value of the property conveyed; and second, what was the consideration, the money consideration, with accumulated interest, if accumulated interest there were, and from the whole determine, with all the lights before you, whether or not that conveyance was made by Stein to his wife with the intention to delay or defraud creditors; whether or not such intention was known to the wife, Pauline, at the time she took the deed. If it were, then you should find that deed to be void; but if, on the other hand, you find that that deed was not made with intention to delay or to defraud, but was made with the intention to protect the wife, who, it is claimed, for some years has been an invalid, and to pay her for the amount of money it is claimed the husband owed the wife, if it was taken by her without any knowledge on her part of the intention to delay or defraud, if you find there was such an intention, and without grounds for reasonable suspicion of any intention to defraud, then you should find on that branch of the case in favor of Stein and his wife." Error was assigned on this portion of the charge, on the ground that it made validity of the deed depend entirely upon the good faith of the parties, and excluded from consideration of the jury the question of whether or not the deed was made upon the consideration of love and affection only, and rendered the grantor insolvent, in which event the question of good faith would not have been material. *Held:* When this portion of the charge is considered in connection with its context, it appears that the court in delivering the charge was instructing the jury upon that branch of the case which related to fraudulent conveyances to hinder and delay creditors. The charge did not exclude from consideration of the jury the question relating to validity of a voluntary conveyance where the grantor was insolvent or would be rendered insolvent by the conveyance, which subject was covered by other portions of the charge.

3. The court refused a request to give in charge the following: "If you should find from the evidence that this conveyance was made in good faith by the parties for a valuable consideration, but should you also find that the husband conveyed property to his wife whose value was grossly in excess of the amount due her, if any, such a conveyance of property so greatly in excess of the amount due the wife would amount to a conveyance made with intent to hinder, delay, and defraud creditors

within the meaning of the law." This request was not properly adjusted to the pleadings and evidence in the case, and the court did not err in refusing it. The requested charge omits all reference to solvency of the grantor. If a husband is solvent, and there is no intention to hinder or delay his creditors, he may make a valid conveyance of his property to his wife with or without a consideration, and whether or not the value of the property greatly exceeds the named consideration. A charge in the language requested would have invaded the province of the jury. This does not conflict with the ruling made in the fourth division of *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867). The opinion in that case shows that insolvency was taken into consideration, and that no question as to a proper charge to the jury was involved.

4. Other requests to charge, in so far as they stated correct principles of law applicable to the case, and other matters alleged in the assignments of error to have been omitted from the charge, were fully covered in the general charge.

5. The jury returned a verdict setting out separate findings of fact, establishing the plaintiff's demand against the husband upon his individual debt; but one special finding set out in the verdict was in favor of the defendants, as follows: "That the deed conveying property from J. Stein to Pauline Stein was made in good faith, and with no intention to defraud J. Stein's creditors." Conceding, but not deciding, that a party can except to only a part of a verdict, the verdict in this case, properly construed in connection with the pleadings, was a finding against all the attacks made upon the conveyance.

6. The judge did not err in sustaining the verdict and entering the decree, and in refusing to set aside the decree on the motion in arrest of judgment.                    *Judgment affirmed.    All the Justices concur.*

No. 3959. September 30, 1924.

Equitable petition. Before Judge Meldrim, Chatham superior court. August 21, 1923.

*McIntire, Walsh & Bernstein,* for plaintiff.

*Lawrence & Abrahams,* for defendants.