## MERCHANTS AND CITIZENS BANK *v.* CLARK.

GILBERT, Justice. 1. The plaintiff caused a fi. fa. in its favor against T. A. Clark to be levied on described land. Mrs. Kizzie A. Clark, wife of T. A. Clark, claimed title to the land. The plaintiff filed an equitable amendment alleging that the conveyance to his wife was a fraud on creditors. The verdict was in favor of the claimant. The plaintiff in fi. fa. filed a motion for new trial, one ground of which assigned error

on the following charge of the court to the jury: "I charge you that the burden of proof in this case is upon the plaintiff to prove his case by a preponderance of the evidence." *Held:*

1. The charge was error. "In a claim case where the wife sets up title to the property levied upon, under a deed from her husband, and his creditor attacks the same upon the ground that it is a fraudulent conveyance intended to hinder, delay, and defraud such creditor, the law does not put upon the creditor the burden of establishing fraud in the conveyance. On the contrary, it puts the burden upon the husband and wife. They must show that the transaction as a whole is free from fraud." Code of 1933, § 53-505; *Simmons* v. *Realty Investment Co.*, 160 *Ga.* 99 (2) (127 S. E. 279); *Strickland* v. *Jones*, 131 *Ga.* 409 (62 S. E. 322); *Gill* v. *Willingham*, 156 *Ga.* 728 (4) (120 S. E. 108), and cit.

2. The claimant having introduced a warranty deed in evidence, the tax returns were admissible in evidence, not as to possession, but as to the bona fides of her claim of title.

3. The court erred in stating that "she has been in possession of this land since that time," as this constituted an expression of opinion of a fact that was in issue.

4. Since the case is remanded for another trial, no ruling is made as to the sufficiency of the evidence to sustain the verdict.

*Judgment reversed. All the Justices concur.*

No. 10631. MARCH 15, 1935.

*C. C. Crockett,* for plaintiff. *L. F. Watson,* for defendant.