## PARKER *v.* HARLING *et al.*

BELL, Justice. 1. This is the second appearance of this case in the Supreme Court. The nature of the case is sufficiently indicated in the former decision. *Parker* v. *Harling,* 187 *Ga.* 419 (200 S. E. 800).

2. On the trial now under review, the defendant wife testified: "As to whether I let him [her husband] sign this contract with [the plaintiff] with my permission, I have no answer to give you on that contract. . . As to whether he [the husband] signed that without my permission, I have no answer to give you on that." Under the former decision, the matter about which the wife thus refused, in effect, to testify, related to the material issue as to whether the transaction between the husband and the wife, wherein he made a conveyance of land to her, was bona fide. *Held:*

(*a*) When a transaction between a husband and wife is attacked for fraud by a creditor of either, the onus is on the husband and the wife to show that the transaction was fair. Code, § 53-505. They must show that the transaction *as a whole* is free from fraud, and the bona fides must be *clearly established. Richardson* v. *Subers,* 82 *Ga.* 427 (9 S. E. 172); *Merchants & Citizens Bank* v. *Clark,* 180 *Ga.* 490 (179 S. E. 103); *Tippins* v. *Lane,* 184 *Ga.* 331 (191 S. E. 134); *Gray* v. *Collins,* 139 *Ga.* 776, 781 (78 S. E. 127); *Garner* v. *State Banking Co.,* 150 *Ga.* 6, 9 (102 S. E. 442); *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99 (2) (127 S. E. 279).

(*b*) "Where facts are charged to be within the knowledge of the defendant, or where, from all the circumstances, such knowledge is necessarily presumed, and he either fails to answer altogether or makes an evasive answer, the charge will be taken as true." *Capital Bank of Macon* v. *Rutherford,* 70 *Ga.* 57.

(*c*) Since the wife refused to give information presumptively within her knowledge and relating directly to the bona fides of the transaction between her and her husband, and the evidence as a whole failing to disclose any valid reason for such refusal, it could not be said that the defendants, husband and wife, carried the burden of showing clearly that the transaction as a whole was free from fraud. Accordingly, the

verdict for the plaintiff was demanded by the evidence, so far as related to the issue of fraud.

3. Upon the former appearance of this case it was held that the court erred in directing a verdict for the plaintiff, the evidence then for consideration not demanding a finding in his favor upon the material issue of tracing funds. Upon the trial now under review, additional evidence was introduced, and a finding for the plaintiff was demanded upon that issue.

4. Under the foregoing rulings, the evidence admitted without objection demanded the verdict as rendered by the jury in favor of the plaintiff; and this being true, errors, if any, in the charge of the court, and in the admission of other evidence over objection, were harmless.

5. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 12970. OCTOBER 11, 1939. REHEARING DENIED NOVEMBER 17, 1939.

*Astor Merritt,* for plaintiff in error.
*Paul S. Etheridge Jr.,* contra.