**UNITED STATES v. PHILLIPS et al.**

**No. 107.**

District Court, S. D. Georgia,
Dublin Division.

March 29, 1945.

Harry B. DeAtley, Sp. Asst. to Atty. Gen., and Green B. Everitt, Asst. U. S. Atty., of Savannah, Ga., for plaintiff.

Eugene Talmadge, of Atlanta, Ga., for defendants.

LOVETT, District Judge.

In the complaint in this case two causes of action are set out; one at law, the other in equity.

The one · at law is for adjudication of amount of unpaid taxes on illegally distilled spirits. On that cause of action a verdict was returned by a jury for the plaintiff on March 3, 1944, in the amount of $3,647.44.

In the second cause of action, to which this opinion relates, the United States seeks to have set aside as fraudulent certain conveyances of real property made by defendant, Sebie B. Phillips, and by his grantee, and to have the property conveyed sold and the proceeds of the sale applied to the payment of the taxes.

The court has heard the evidence and oral arguments; briefs have been submitted, and the case is now ready for decision.

An investigation of defendant Sebie B. Phillips' illegal liquor activities was begun by government officers in 1937. Several stills and considerable non-tax paid whiskey were found on this property. In contemplation of charges being brought against him, a survey was made of his land, and it was found to consist of a total of 572 acres.

On November 10, 1938, Sebie Phillips, along with his son, one of the defendants (the other defendants being his wife, his daughter and his daughter-in-law) was indicted on a charge of conspiracy to violate and the violation of certain internal revenue laws relating to the illegal manufacture and sale of distilled spirits. On December 16, 1938, a warranty deed, dated October 14, 1938, conveying 355 acres of land from Sebie B. Phillips to his wife in consideration of $100 and love and affection, was recorded in the office of the clerk of the superior court of the county where the lands were located. On December 23, 1938, recordation was made in like manner of another warranty deed, dated September 1, 1938, of all the remainder of his property consisting of one 72-acre tract and one 145-acre tract from Sebie B. Phillips to his daughter, Marie Phillips, in consideration of $75 and "other valuable consideration".

On January 27, 1939, Sebie B. Phillips was found guilty of the conspiracy charge and was sentenced to serve three years in prison and pay a fine of $2,000. Later in that year, demand was made for payment of the taxes on the illegally made whiskey, and on November 7, 1940, plaintiff's lien for taxes was filed.

On August 8, 1941, defendant Marie Phillips, the daughter of Sebie B. Phillips, conveyed the 72-acre tract, which had been deeded to her by her father in 1938, to her sister-in-law, Mrs. Paul Phillips, for the stated consideration of $500.

All defendants were temporarily restrained, by order of court dated October 29, 1943, from making any further transfers of the property.

In support of its lien for taxes the government relies primarily upon the provisions of 26 U.S.C.A. Int.Rev.Code, §§ 2800 (d) and (e) (1):

"(d) * * * every person in any manner interested in the use of, any * * * distilling apparatus, shall be * * * liable for the taxes imposed by law on the distilled spirits produced therefrom.

"(e) (1) The tax shall be a first lien on the spirits distilled, the distillery used

* * * the lot or tract of land *whereon the said distillery is situated,* and on any building thereon from the time said spirits are in existence as such until * * * the said tax is paid." (Emphasis added.)

The defendant properly points out that all the land involved here lies in Treutlen County, Georgia, and that some of the stills from which the whiskey on which the tax was levied was produced were situated in Emanuel county. The defendant then argues that under this statute the land does not become impressed with a lien except when the proof shows that the distilled spirits for which the tax is claimed was produced upon that particular piece of land. The statute declares that the tax shall be a first lien upon the land where the spirits are distilled. It does not say it is per se a lien upon any other land.

I put to one side the merits of this argument by defendants, because however decided the government's lien must be sustained upon another statute, 26 U.S.C.A. Int.Rev.Code, § 3670: "If any person liable to pay *any tax* neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States·upon *all property and rights to property* * * * belonging to such person." (Emphasis added.)

The special provisions found in § 2800, supra, do not forbid the application of the general provision to this section. 26 U.S.C.A. Int.Rev.Code, § 3670, note 5, citing 16 Op. Atty. Gen. 634 (1879).

It is true that the property here involved had already been transferred before demand or assessment was made. However, this debt having been reduced to judgment and a lien having been established, equity will set aside the transfers if fraudulently made to defeat the collection of taxes. All of these transfers must be declared void under the provisions of Ga. Code (1933), Sec. 28-201(2):

"The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz:

"2. Every conveyance of real * * * estate * * * made with the intention to delay or defraud creditors, and such intention known to the party taking. * * *"

The facts indicate that the property had been used as locations for illegal distilleries for several years before the transfers were made. The transferees, all of them being members of Phillips' immediate family, and all of whom I find had knowledge of these activities, must be charged, therefore, with notice that Phillips' land was liable for all taxes owed by him on account of his illegally produced spirits. They can not be looked upon as innocent or bona fide transferees without notice.

The two transfers from Phillips to his wife and daughter, at least, should also be declared void under the provisions of Ga. Code (1933), Sec. 48-110: "An insolvent person may not make a valid gift to the injury of his existing creditors * * *."

This rule has been judicially extended to render the conveyance equally void when the donor thereby renders himself insolvent. Mercantile Nat'l Bank v. Stein, 1924, 158 Ga. 894, 124 S.E. 697.

On the defendant's own admission the property was worth $5,000 at the lowest estimate, and he "practically" gave it away. Clearly the actual money consideration, $175, if paid at all, was wholly inadequate. Other material admissions were that Phillips was endorser or surety on several guano notes and his wife was afraid they would lose the property unless she took it over, that by making the transfers he completely divested himself of all property except about $100 worth of clothing and that he was thereafter without assets to pay the liquor taxes.

When a transaction between husband and wife is attacked for fraud by the creditors of either, the burden is on the husband and wife to show that the transaction was fair. Ga.Code, Sec. 53-505; Tucker v. Talmadge, 186 Ga. 798, 198 S.E. 726; Parker v. Harling, 189 Ga. 224, 5 S.E.2d 755; Mattox v. West, 194 Ga. 310, 21 S.E.2d 428. There is no reason why the same rule should not apply to transactions between parent and child under the facts here shown to exist.

All the elements of fraudulent transfers having been established and the transferees having introduced no evidence to carry their burden of explaining the circumstances of the transactions, each of the transactions is declared null and void as against creditors and the prayers of the petition are granted.

Counsel for the United States will prepare and present on notice appropriate findings of facts and conclusions of law to conform to this opinion and a decree to carry it into effect.